JOEL A. WEBB *vs.* WANTON R. CARPENTER *et als.*

A testator by his will made several bequests of money, and gave the *residuum* of his estate in equal shares to certain persons named. In a codicil with the words, " thinking I have not given my nephew J. as much as I wanted to," he bequeathed to J. certain articles, and added : " I want a good monument, and when all of my expenses is paid I want J. to have all of the money that is left, if there is any. I want him to have it, instid of having it divided as it was written in my will."

*Held,* that the effect of this codicil was to give to J. the entire *residuum*, but that the codicil did not revoke the bequests of money contained in the will.

ASSUMPSIT. On demurrer to the pleas.

*January* 7, 1888. STINESS, J. The plaintiff sues for money which he claims is due to him as residuary legatee under a codicil to the will of Hannah Barrows, late of South Kingstown, deceased. The defendants, executors of the will, plead, setting forth the will, that they have paid certain legacies given by the will, and have also paid all the balance remaining to the plaintiff as residuary legatee. To this plea the plaintiff demurs, thus raising the question whether the codicil revoked the bequests in dispute, and entitled the plaintiff to receive them as a part of the *residuum*. The will gave several bequests of money and personal property to nephews, nieces, and others, and the *residuum* to the children of a sister, to the plaintiff and another, to be equally divided between them. In the codicil, after saying, " Thinking I have not given my nephew, Joel Audubon Webb, as much as I wanted to," she gave him certain articles of household furniture, and finally said : " I want a good monument, and when all of my expenses is paid I want J. Audubon Webb to have all of the money that is left, if there is any. I want him to have it, instid of having it divided as it was written in my will." The plaintiff claims that the codicil revokes all the pecuniary legacies of the will, and gives to him all the money that is left after payment for the monument and expenses. The defendants contend that this clause of the codicil affects only the residuary clause of the will, by giving the *residuum* to the plaintiff instead of dividing it as therein provided.

A will and codicil are to be construed together as one testamentary act, and dispositions in the will are not to be disturbed

any more than is necessary to give effect to the codicil. 1 Jarman on Wills, 5th Amer. ed., from 4th Lond. ed., 343. " A will or codicil may operate as a revocation of a prior testamentary instrument by the effect either of an express clause of revocation, or of an inconsistent disposition of the previously devised property." *Derby* v. *Derby*, 4 R. I. 414, 426 ; 1 Jarman on Wills, *ut supra*, 336.

In this codicil the pecuniary legacies of the will are not expressly revoked. The question, then, is, whether the words "all of the money that is left, if there is any, I want him to have, instid of having it divided as it was written in my will," is so inconsistent with the former disposition of the money as to imply a revocation of the bequests. We think not. Such an implication must be clear and certain. If the codicil can as well be construed to refer to the residuary clause, without affecting the particular bequests, or otherwise, we are bound to give it that construction. Not only can it be so construed, but we think the language which is used evidences an intention to limit it to that, without disturbing the other legacies.

The testatrix says she thinks she has not given the plaintiff as much as she wanted to ; but the natural import of this statement is not that she wanted to give him all. By giving him all that is left, if there is any, she indicates that possibly nothing will be left. Under the facts as set out in the pleadings and admitted by the demurrer, it appears that there was a surplus over all the legacies. In view of the amount of these legacies, it is difficult to suppose she would have intimated a doubt as to the surplus if only the monument and expenses were to be considered. But however it might have been if the clause had stopped there, the concluding words seem to show clearly what the testatrix had in mind. It was that the plaintiff was to have all that was left under the will, instead of having it divided into several parts as it would have been but for the codicil. Legacies of unequal amounts would not be likely to be spoken of as a division. The use of the word " divided " points clearly to the residuary clause. This accords with the terms of both will and codicil, and shows what was the increase she wanted the plantiff to have, namely, the whole of the *residuum* instead of a part of it. Since, then, there

is no necessary or implied revocation of the bequests of the will in this clause of the codicil, but an apparent intention to the contrary, they must stand as valid bequests which were properly paid by the executors.

The demurrers are therefore overruled.

*Nathan W. Littlefield, Charles H. Page & Franklin P. Owen,* for plaintiff.

*Ziba O. Slocum, A. B. Crafts & F. W. Tillinghast,* for defendants.