HARRIS ET AL. v. THE NEW JERSEY CENTRAL RAILROAD COMPANY.

The prosecutors purchased tickets from Trenton station to Dunellen, and entered the car with the intention of going to Dunellen, being informed that the train stopped there. In a suit to recover the penalty prescribed by the eighteenth section of the "Act concerning railroads and canals" (*Gen. Stat.*, p. 2670), the complaint charged that they traveled or attempted to travel in a carriage of the railroad company, without

having previously paid their fare and with intent to avoid payment thereof. The train was one which did not stop at Dunellen, and they refused to pay the additional fare from Dunellen to Plainfield, the next station beyond. *Held*, that the complaint was fatally defective in failing to set forth that the prosecutors paid their fare from Trenton to Dunellen, and knowingly and willfully proceeded in the railroad car beyond Dunellen without previously paying the additional fare for the additional distance, and with intent to avoid payment thereof.

On *certiorari* to review conviction for penalty.

Argued at June Term, 1895, before Justices VAN SYCKEL and LIPPINCOTT.

For the plaintiffs, *Craig A. Marsh.*

For the defendant, *William A. Barkalow.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was instituted before the city judge of Plainfield against George T. Harris and Frederick J. Harris, to recover penalties under the eighteenth section of the act respecting railroads and canals. *Gen. Stat., p.* 2670, § 123.

That section provides:

1. That if any person shall travel or attempt to travel in any carriage of any railroad company, without having previously paid his fare and with intent to avoid payment thereof; or

2. If any person, having paid his fare for a certain distance, knowingly and willfully proceed in any such carriage beyond such distance without previously paying the additional fare for the additional distance, and with intent to avoid payment thereof; or

3. If any such person knowingly and willfully refuse or neglect on arriving at the point to which he has paid his fare to quit such carriage, every such person shall forfeit, for every offence, to such company, a sum not exceeding $5.

The complaint charges that the prosecutors did travel in a certain carriage of the Central Railroad Company, without having previously paid their fares, and with intent to avoid

payment thereof, from Dunellen to Plainfield, and did knowingly and willfully proceed in said carriage from Dunellen to Plainfield without paying their car fare, although the same was duly demanded of them.

This being a penal statute, it must be strictly construed.

It is clear that the complaint does not charge the offence secondly or thirdly denounced by the statute, and the prosecutors could not legally be found guilty of either of those offences, if the evidence would support such a finding.

The question is whether the case shows that the prosecutors are guilty of what the statute in the first place declares shall constitute a violation of the act—that is, that they traveled, or attempted to travel, in any carriage of the company without having previously paid fare, and with intent to avoid payment thereof.

The offence charged is that they did travel from Dunellen to Plainfield without having paid their fares, and with intent to avoid payment thereof, but the undisputed evidence, and the admitted facts, are that they purchased tickets from Trenton to Dunellen, and entered the car at Trenton with the intention of going only to Dunellen. They were informed at Trenton station that the train would take them to Dunellen, and they had no intention or desire to go beyond that point. It was contrary to their wish that they were carried beyond Dunellen.

That the first member of the statute was not intended to apply to such a case appears from the language of the second member, which expressly provides for the case of a person who pays his fare to a certain distance and knowingly and willfully goes beyond it without paying his fare, and with intent to avoid payment.

If they paid fare to Dunellen, and went beyond that point with intent to avoid payment for the additional distance, it was necessary so to charge the offence, and to prove it, to subject them to the penalty of the act. It is that provision of the statute which they violated, if they are guilty of an infraction of it. If the prosecutors were informed when at Bound

Brook that the train did not stop at Dunellen, and they remained in the car with the intention of being carried to Plainfield without paying the additional fare, they were guilty of the offence secondly specified in the statute. But of that they could not lawfully be convicted, because it is not charged in the complaint. If they remained in the car at Bound Brook without knowing that the train did not stop at Dunellen, they are liable to pay the additional fare to Plainfield, but are not liable to the penalty of the statute.

The offence charged in the complaint is that of a person who enters a train of cars without paying his fare, and with intent to avoid payment of it. The undisputed evidence shows that there is no support for such a charge. For this reason the conviction before the city judge was illegal, and it is therefore not necessary to consider the other alleged infirmities in the proceedings, which must be set aside, with costs.