CAROLINE SEYFRIED et al.

*v.*

ANDREW STOLL et al.

[Filed December 2d, 1897.]

An order of S., on S., to pay G. $1,000 "for materials furnished your [S.'s] building," is not an equitable assignment of any part of the fund which *thereafter* became due S. as contractor on said building.

On bill of interpleader.

*Mr. George J. McEwan,* for the defendants Dorsett et al.

*Mr. Alexander C. Young,* for the defendants J. Gahagan's Sons.

EMERY, V. C.

The complainant Mrs. Seyfried has paid into court, under decree made on a bill of interpleader, the sum of $588.98, being the amount due from her to the defendant Andrew Stoll, upon a building contract made with him for the erection of a house upon lands of Mrs. Seyfried.

Seyfried *v.* Stoll.

The contest in the case arises between the defendants claiming priorities in the payment of the fund, which is not sufficient to pay all the claims in full. Their claims are set up in their respective answers, and the cause as between them is brought to hearing upon these answers pursuant to the general practice recognized in *Kirkland* v. *Moore, 13 Stew. Eq. 106, 108.* A state of facts has also been agreed on by counsel, and the principal dispute arising upon the answers and evidence relates to the priority of the defendants J. Gahagan's Sons upon a claim of $1,109.27 (less $194.05), which claim, if it has priority, will take the entire fund in court. These defendants, J. Gahagan's Sons, on October 31st, 1894, delivered to the complainants the following order, signed by the builder, Stoll, and their claim of priority is based on the order:

"HOBOKEN, N. J., Oct. 31st, 1894.

"Mrs. Caroline Seyfried pay to J. Gahagan's Sons one thousand 00/100 Dollars for material furnished your building on the west side of Monroe Street 75 feet north of 4th street.

"$1,000.00.                                     A. STOLL."

At this time Stoll owed J. Gahagan's Sons $1,109.27, but no payment was then due from Mrs. Seyfried to Stoll under the contract, and the order does not appear to have been accepted. The entire balance of the contract price then unpaid was $1,125, the amount of the last payment, but the building was not then finished, and, the contractor afterwards defaulting, the owner completed the building, and after the expense of the owner for completing the building was deducted, as provided by the contract, the balance due to Stoll was the sum paid into court. All of the other defendants are claimants under the provisions of the Mechanics' Lien law, by notice to the owner after demand upon the contractor, and the dates of the service of their respective notices upon the owner are as follows: Timothy W. Dorsett, for $60.35, notice served January 4th, 1895; John Gardner, $366.06, January 25th, 1895; Vanderbilt & Schill, $76.77, January 29th, 1895. Upon the facts admitted there seems to be no question that these notices operated as valid equitable assignments of the fund according to their respective dates. The question is whether the order in favor of J. Gahagan's Sons is an equi-

table assignment in their favor of the fund which thereafter became due.   This depends, in my judgment, upon the construction which is to be given to the order itself.   No equitable assignment or agreement to assign the fund or any part of it, between Stoll and Gahagan's Sons independent of the order, is set up in the answer or appears in the proofs, nor have any facts been proved which are entitled to control the construction of the order in this respect.   Some very high authorities hold that such agreement, even by parol, independent of the written order and collateral thereto, may be proved in order to establish an equitable assignment by the order, and others hold that parol evidence is admissible for the purpose of showing the intention and understanding of the parties, where the language of the order is ambiguous and the order is not negotiable.   *Fourth Street Bank* v. *Yardley, 165 U. S. 634 (1896),* where a check was held to be an equitable assignment of a fund in bank, is a leading illustration of the former class, and *Brill* v. *Tuttle, 81 N. Y. 454,* of the latter.   But the present case does not, either on the pleadings or proofs, fall within either of these classes, and the question whether there was an equitable assignment of the fund, due or to become due from Mrs. Seyfried, must therefore be determined by the construction and operation of the order itself.

The cases decided in our own courts hold that no particular form of assignment is necessary, and that equity, disregarding form, will hold any writing which plainly appropriates the fund to be an equitable assignment.   *Bower* v. *Hadden Bluestone Co., 3 Stew. Eq. 171;* affirmed, *3 Stew. Eq. 340.*   But I have not been referred to any decision of our courts in which an equitable assignment has been held to have been made by an order, in which the order itself did not appear to designate and appropriate the fund in the owner's hands, or part of it.   This is the effect of the order in *Bernz* v. *Marcus Sayre Co., 7 Dick. Ch. Rep. 275, 281 (Errors and Appeals, 1894).*   In *Lanigan* v. *Bradley, &c., Co., 5 Dick. Ch. Rep. 201,* the equitable assignment was made out altogether by parol agreement to assign and acts thereunder.   Where the assignment depends upon the construction of the order itself, a plain and sure test of construction is said to be whether the order or direction to the drawee, if assented

to by him, would create an absolute indebtedness payable by him at all events, or whether it would create an obligation only to make payment out of the particular designated fund. *3 Pom. Eq. Jur. p. 291 ¶ 1280*, and cases cited. This test seems to me to be a sound one, and to be properly applicable to the present case. A simple acceptance of this order as drawn would, I think, clearly have bound Mrs. Seyfried to an absolute payment of the entire $1,000, and could not have been restricted or construed in her favor as obliging her to pay only out of a particular fund and to the extent only of this fund. The order did not designate or appropriate any fund out of which it was payable, and the statement that the debt was for material, &c., cannot of itself extend further than being a statement of the consideration of the order. I hold, therefore, that the order did not operate as an equitable assignment, and that the claim of J. Gahagan's Sons, under this order, must be postponed to the claim of Dorsett and Gardner under their notices. The operation of these as equitable assignments has not been disputed. These claims, which together amount to $426.41, do not absorb the whole fund. And as to the residue a difficulty arises on the proofs as they stand, as to the priority between Vanderbilt & Schill, and the defendant Leon Abbett, who was appointed a receiver under supplementary proceedings taken on a judgment obtained by J. Gahagan's Sons upon their claim against Stoll. The notice of Vanderbilt & Schill was served upon Mrs. Seyfried on January 29th, 1895. The judgment of J. Gahagan's Sons was obtained on January 28th, 1895, and the state of facts agreed on states that "thereupon an order for discovery was made, and thereafter Leon Abbett was appointed receiver, &c., on February 4th, 1895." The statute as to the effect of the appointment of the receiver (*Gen. Stat. p. 1419 ¶ 26*) is to vest him with the choses in action due at the time of issuing the execution, and it was held in *Coleman* v. *Roff, 16 Vr. 7*, approved in *Willison* v. *Salmon, 18 Stew. Eq. 257, 259*, that as to the judgment debtor and a person having notice of the proceedings, the title of the defendants relates back to the time of issuing the execution.

I will hear counsel, therefore, if they wish, as to disposing of the residue of the fund without further proofs.