MARCUS B. TIDEY, JR., PLAINTIFF IN ERROR, v. THE ERIE RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued February 21, 1901—Decided June 10, 1901.

When a passenger upon a railroad train has been arrested by the agent of the railroad company for traveling "without having previously paid his fare, and with intent to avoid payment thereof," he is entitled, in his action to recover damages for the arrest, to prove a custom of the company under which he reasonably might and honestly did believe that a ticket, which he had purchased from the company, and which he tendered as his fare, was lawful payment for the trip he was making at the time of the arrest.

On error to the Essex Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *Cortlandt Parker* and *Cortlandt Parker, Jr.*

The opinion of the court was delivered by

DIXON, J: The plaintiff's action was for assault and battery and false imprisonment. On the trial it appeared that about December 11th, 1898, he had bought, in Newark, from the defendant company a return ticket over the company's road between Newark and New York, and had ridden to New York, using that part of the ticket printed "Newark to New York." On December 18th, 1898, he again boarded the company's train in Newark, and on his ride to New York tendered to the conductor, as payment of his fare, the other part of the ticket printed "New York to Newark." The conductor refused to accept the ticket, saying it was in the wrong direction, and demanded cash; the plaintiff insisted that he had been using similar tickets in that way for a great many years, and refused to pay otherwise, and left the ticket in the front of the seat, where the conductor had placed it. On the arrival of the train at Jersey City, the conductor caused the plaintiff to be arrested for his refusal to pay fare. The plaintiff offered, also, to prove that it was the custom of the defendant company to accept tickets reading "New York to Newark" as payment of fare from Newark to New York prior to the time the plaintiff was arrested. This offer was overruled and exception taken. On motion of defendant, a nonsuit was then ordered and exception allowed to the plaintiff.

To reverse the nonsuit the plaintiff prosecutes this writ of error, and assigns error on the exceptions.

The right of the conductor to place the plaintiff under arrest is based upon the eighteenth and nineteenth sections

of "An act respecting railroads and canals" (*Gen. Stat., p.* 2668), the tenor of which is that "if any person travel, or attempt to travel, in any carriage of any railroad company * * * without having previously paid his fare, and with intent to avoid payment thereof," he may be apprehended, &c.

Assuming, for present purposes, the validity of this enactment, we think the offered evidence should have been received, and would have presented a case for the jury.

The statute is penal, and must be strictly construed. In order to justify action under it, the passenger must have traveled, not only without paying his fare, but also with intent to avoid payment thereof. *Harris* v. *Central Railroad Co., 29 Vroom* 282.

If this plaintiff had shown that, when he purchased the ticket and when he boarded the train, he was relying on a custom of the company to accept such tickets as fare, indifferently either for two rides from Newark to New York or for one ride each way, then it would have been permissible for the jury to find that he believed he had paid fare for the trip he was making, and so had no *intent* to avoid the payment thereof. In *Runyan* v. *Central Railroad Co., 32 Vroom* 537; *S. C., 35 Id.* 67, it was held that a custom of the company may give a ticket-holder rights different from those stated in his ticket, and *a fortiori* such a custom may lead a passenger honestly to believe that he has the right indicated by the custom.

If the plaintiff was free from an actual intent to avoid payment of fare, then he did not incur the penalty or subject himself to the arrest claimed to be sanctioned by the statute, and the defendant's attempted justification failed.

The nonsuit should be reversed, and a *venire de novo* awarded.