MARCUS B. TIDEY, JR., PLAINTIFF IN ERROR, v. ERIE RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued November 18, 1904—Decided March 6, 1905.

Under section 18 of the General Railroad act (*Gen. Stat., p.* 2671) it is unlawful for anyone to attempt to travel on a railroad train without having previously paid his fare, and with intent to avoid payment thereof, and it is the duty of an employe, under section 19 of the same act, to apprehend and detain any such offender and to take him before a justice of the peace and proceed against him by complaint. Plaintiff, being charged with such offence, was given in charge of a police officer by an employe of the railroad and was taken to a police station and there detained a

considerable time in order to secure bail for his appearance before a police justice, and on his appearance before the police justice the latter refused to act, because he had no jurisdiction of the case; and required plaintiff to agree to appear before a justice of the peace. This he did, and after some sort of a trial was discharged; in an action for false imprisonment—*Held*, that the damages of the plaintiff for the unauthorized detention in a police station, and the requirement to give bail before released, and to give bail before an officer having no jurisdiction, were circumstances requiring submission to a jury, and it was error for the trial judge to fix the amount of such damages without such submission.

On error to the Supreme Court.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *Cortlandt Parker* and *Cortlandt Parker, Jr.*

PER CURIAM.

This action was for assault and battery and false imprisonment. The issue was once tried and a nonsuit was ordered by the trial judge. Upon error, the Supreme Court reversed the nonsuit and directed a *venire de novo. Tidey* v. *Erie Railroad Co.,* 37 *Vroom* 382. The judgment of the Supreme Court was affirmed upon the opinion rendered in the Supreme Court. 38 *Id.* 352. A *venire de novo* issued, and upon the retrial of the case two questions were presented—*first,* whether plaintiff in error had incurred the forfeiture provided by section 18 of the General Railroad law (*Gen. Stat., p.* 2671) for attempting to travel in a carriage of defendant in error without having previously paid his fare, and with an intent to avoid payment thereof, and so was liable to be apprehended and detained under the provisions of section 19 of the same act; and *second,* whether, if he had incurred the forfeiture and was liable to apprehension and detention, he was lawfully and regularly detained.

At the close of the whole case counsel for defendant in error moved for the direction of a verdict in its favor. The

trial judge expressed an opinion that upon the question of the incurring the forfeiture and liability to apprehension and detention there was no case for the jury, and if that was the sole question the motion for a direction of a verdict for defendant in error should be granted. But he also held that the circumstances established such irregularity in the proceedings for the apprehension and detention of the plaintiff in error as would justify and require a verdict in his favor. But he conceived that the irregularity which he found established did not practically prejudice the plaintiff in error, and he therefore directed a verdict for the plaintiff in error for six cents.

Counsel for plaintiff in error excepted, and an exception was allowed and sealed, which the majority of the court deem to raise the question whether the trial judge was correct in directing a verdict for nominal damages.

In this aspect of the case we deem it unnecessary to express any opinion upon the action of the trial judge upon the first of the controverted questions above described.

With respect to the ruling on the second question, we think there was plain error.

We agree with the view expressed by the trial judge to the effect that the action of the employes of the company was irregular. Assuming that plaintiff in error had rendered himself liable to the forfeiture, the duty of the employe authorized by section 19 to apprehend and detain the offender, was to take him before a justice of the peace, and there proceed against him by complaint. What was done was this: The conductor called a police officer, who took the plaintiff in error to a police station. The officer in charge of the station informed plaintiff in error that he must be detained unless he gave bail. He was detained for some considerable time, and until a very late hour of the night, when he succeeded in procuring bail. The bail required was for his appearance before a police justice. Plaintiff in error, to protect his bail, appeared before the police justice, who refused to act, because he had no jurisdiction over the case, and required plaintiff in error to agree to appear before a justice of the peace.

Plaintiff in error did so. There seems some reason to suppose that no written complaint was made before the justice of the peace, but some sort of a trial was had, and plaintiff in error was discharged. The irregularity, which resulted in an unauthorized detention in a police station and the requirement to give bail before release, and to give bail for appearing before an officer having no jurisdiction, were circumstances which required submission to the jury to determine thereon what damages would fairly compensate the plaintiff in error.

It was therefore wrong for the trial judge to fix the amount of damages without such submission. The question was one of fact and not of law.

For this reason the judgment must be reversed, and a *venire de novo* be granted.

*For affirmance*—VROOM. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, GREEN. 10.