HARRIET PROCTOR

    vs      **7416** No. 7416.

UNITED STEVEDORING CO.

December 9th. 1918.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for compensation under the employer's liability acts by the mother of the injured employee, Emile Proctor.

The plaintiff alleged that her son, Emile Proctor, was in the employ of the defendant company, loading lumber in a vessel; that while so employed, her son was accidentally killed on ship board; she prayed for judgment, under the statutes, for $4.50 per week for 300 weeks.

The defense is that Emile Proctor was not killed, but that he died of "Endocarditis" or "heart disease".

There was judgment as prayed for, and the defendant has appealed, - after a vain effort for a new trial.

The facts not disputed are that Emile Proctor was a laborer; that on the day of the accident, he was employed as an extra man to go on the ship to assist in loading lumber; that he was a "green man" in that kind of work, and not accustomed to do it; that he went down into the hold of the ship to engage in the work; that he had been at work but a short time, when he was seen to stagger; before he fell, a fellow-workman went to his assistance, received him in his arms, and laid him down, when he passed away at once; the lumber is held together with a wire rope hooked around the lumber; it is then suspended, and lowered through the hatch into the hold of the vessel; while going down it swings around, until caught by the laborers and stowed away; it was at the place where the lumber is caught, and while he was stowing the lumber that Proctor fell and died -; his body was taken to the morgue.

140

L. Burns, a fellow-workman, was standing about ten feet from Proctor when he staggered *and trembled as if in a fit;* he received him in his arms and laid him down; a load of lumber was hanging near him on the fall at that time; he saw a bruise on the side of Proctor's face, by his temple; he was bleeding.

Proctor's partner at work was Paul Edwards, who is now dead also.

Marcel Mc. Manus had known Proctor for over fifteen years; he was always healthy; he saw Proctor after the accident; he had a scar about an inch and a half long on the right eye; he put his blue jumper over his face and blood stained it; he saw him afterwards at the morgue; his face was covered with a white sheet through which blood was coming.

Aline Parrish is Proctor's sister; after his death, he had a bruise on the right side of his face; he never complained of illness and was a hard working man.

Fred Rainey was a fellow-workman of Proctor's on the ship at the time of the accident; he saw Burns go to Proctor's assistance; Proctor's forehead was bleeding, and there was blood on the lumber; he had a little gash "some way around the temple", "above his eyes".

Plaintiff testifies that her son never complained of any illness; never had any disease or spell; he was always well and hearty, and was a hard-working man; after his death she saw a bruise over her son's right eye, on his right temple, as if something had struck him.

The defendant introduced in evidence the certificate of death of Emile Proctor issued by the Board of Health which reads as follows:

"Cause of Death: Chronic Endo-Carditis, Certificate of Dr. C. W. Groetsch, Coroner".

Dr. Edward F. Bacon, in the employ of the Insurance Company, testifies that he helped to carry Proctor's body from the patrol wagon to the morgue-table; together with the morgue-keeper, Mr. Roche, they stripped the body and

141

examined it, inch by inch, to find any injury, and they found none; hence, he concludes death was caused by endocarditis; he performed no autopsy; found no bruise over the right temple; there was no evidence of any chronic disease, or of wasting of the body.

W. J. Shanahan, a fellow-workman, said that he saw Proctor when he fell; he did not see anything strike him, he had a "skin" on his eyes, on the right side; his load of lumber was there and he was lying right along-side of it.

R. Maxwell, also a fellow-workman, said nothing worthy of repetition.

Archie Kinney, also a fellow-workman, did not see anything hit Proctor; only after he fell "he had a scar on the side of his face; it was fresh and bleeding a little bit.

Robert E. Roche is morgue-clerk; he assisted Drs. Bacon and Groetsch in making an examination of Proctor's body; he saw no evidence of injury of any kind on any part of the body, nor of any bruise or cut over the eyes;"Dr. Groetsch gave the diagnosis as cardiac endo-carditis"; no autopsy was held.

It is true that no witness testifies that they saw anything strike Proctor; but the bruise or cut over his eye and the blood, while silent, speak more reliably than witnesses. We are bound to assume, as an extablished fact, that Proctor had a wound over his eye after his death. Seven witnesses, five for the claimant and two for the defendant, testify to that.

Only two witnesses say they saw no bruises, Dr. Bacon and Mr. Roche. Not only the number of witnesses predominates over them, but the character also of the testimony; it is affirmative, while theirs is negative. 2 A., 1007; 12 A., 129; 33 A., 799. 800; 38 A., 955; 39 A., 352; 36 A., 84; 40 A., 741; 45 A., 331; 46 A., 570; 47 A., 383; 37 A., 258; 107 La. 402; 30 Am. & Eng. Enc. Law 1071; 2 Evans Pothier on Oblig p. 453:

■

"On the one side it is certain that negative witnesses ought never to be compared with positive. Two positive witnesses, say all the writers, ought to outweigh a thousand negative ones".

One of two things is certain: either Proctor died of a blow or he died of heart disease. The fact that he died of a blow is supported by the probabilities of his employment at the moment of his death, by the witnesses, and by the testimony that he always enjoyed good health and never complained of any illness.

The certificate of death of Dr. Groetsch and the testimony of Dr. Bacon, on the other hand, are only suppositions. Proctor died suddenly; they could find no outward cause for his death, ergo, he died of heart disease. Such a conclusion, without further facts and without a post mortem examination, does not reach us with sufficient authority to overcome the testimony and other circumstantial evidence of the case.

In Stackhouse vs Lendal 7 A., 670 the Supreme Court said that a plaintiff could not recover upon the conjectural opinions of physicians as to the cause of death. See also 13 Ct. App. 165 and authorities there quoted.

The judgment is therefore affirmed.

December 9th. 1918.