## No. 14,177.

| 107 | 399 |
| d122 | 885 |

## F. Staehle vs. Sydney Leopold.

### Syllabus.

On Motion to Dismiss the Appeal on the Ground of Acquiescence in the Judgment of the Lower Court.

Plaintiff and appellant reserved his right to prosecute his appeal in his receipt handed by him to the defendant for an amount received after judgment in part payment of his claim, in terms sufficiently plain.

The court overruled the motion to dismiss.

#### On the Merits.

1. The acceptance of the lessee was not substantially different from the offer of the lessor.
2. The parties disagreed about the amount of the rent, and when in the end the tenant agreed to pay the amount as he understood to have been asked by plaintiff, there was no question raised regarding the amount of the respective instalments, the total of which instalments is the same whether as claimed by plaintiff or as accepted by defendant.
3. The evidence is conflicting, defendant swearing affirmatively and plaintiff stoutly denying. Between positive testimony regarding what was said or done at a particular time and negative testimony, the latter is generally con-

sidered of less weight, when it becomes merely a question of correctness of things remembered to have occurred or been said, the facts and circumstances of the case not being such as to prevent the unjust operation of the rule. Guesnard vs. Executor, 33 Ann. 800 ; Law of Evidence, Jones, Vol. 3, p. 901.

4. Where an issue was not raised in the District Court on appeal a correction of the judgment will not be made.

5. The controversy is brought to an end by deciding in effect that plaintiff is the lessor of the defendant and that the latter owes rent as set forth in the decision.

A PPEAL from the Civil District Court, Parish of Orleans.— *Theard, J.*

*Felix J. Dreyfous* and *Solomon Wolff,* for Plaintiff, Appellant.

*E. Howard McCaleb,* for Defendant, Appellee.

## On the Motion to Dismiss Appeal.

The opinion of the court was delivered by

BREAUX, J. Defendant and appellee moves to dismiss this appeal on the ground that, since the appeal was taken, the plaintiff and appellant has acquiesced in the judgment rendered by voluntarily executing it in receiving two hundred and fifty dollars rent for the premises leased for the month of October, 1901. The receipt which defendant pleads as evidence of acquiescence shows on its face that the amount on rent account paid by defendant was received by plaintiff without prejudice to his right in the suit. Plaintiff was not committed by accepting the amount, for which defendant accepted a receipt containing a reservation of a right to prosecute the appeal as before mentioned.

## On the Merits.

Plaintiff, a lessor under the statute number 52 of 1900, proceeded by motion to eject the defendant, lessee, from premises leased.

Defendant's contention is that he had proposed to the plaintiff to become the lessee of the premises for another year from the first of October, 1901, and that plaintiff accepted the proposal for a rental stated by him to which he, defendant, consented and that there was in consequence a contract of lease between them entitling him to remain in possession as tenant.

The issues are of fact principally. The evidence is quite conflicting.

The defendant and another person named in the lease had been joint lessees. In June and July of 1901, plaintiff took steps toward retaining the property in his own name as lessee. Defendant avers that he in company with his brother Arthur B. Leopold called on plaintiff regarding the lease of the property, and held conversations with plaintiff upon the subject. There was something said about re-leasing the premises. This plaintiff admits, but says that defendant declined to accept the offer he made in that connection.

Whilst being examined as a witness, plaintiff stated that defendant and his brother, Arthur B. Leopold, came to his place about the end of June, and stated that if he did not lower his rent, he, defendant, would not lease the house. His (plaintiff's) reply was that he would call upon them and let them know the amount of rental he would accept. In July following, he called upon them twice and informed them that he would let the house for the first six (winter) months for two hundred and fifty dollars, and the other six (summer) months for two hundred dollars. That they refused to accept.

It is evident that from the first defendant, assisted by his brother, sought to effect a lease for something less as rental than plaintiff was willing to accept. There is certainly difficulty in finding the true facts of the case. Plaintiff stoutly denies that defendant accepted his terms, while on the other hand these two, defendant and his brother, are equally as positive that they did meet him and that plaintiff offered to lease the property for an amount already stated to which they consented.

Plaintiff is corroborated to a great extent by two members of his family who deny some of the facts sworn to by the defendants. It is evident, in our view, that plaintiff offered to let the property to defendant, and that defendant sought to accept the offer as made by a letter addressed by him (defendant) to one of the attorneys of plaintiff dated July 31st, 1901, in which it is written "that some few days ago " Mr. Stahle offered to Sydney Leopold, and to his attorney, Arthur B. " Leopold, to renew the lease of the premises for a period of twelve " months from October 1st, 1901, to September 30th, 1902, which offer " has been this day accepted and Mr. Stahle notified in writing of said " acceptance." The preponderance of evidence, we think, shows that there was an acceptance as stated in this letter, and that Arthur B. Leopold referred to as having been present during a conversation with plaintiff, was present although this is denied by plaintiff.

But plaintiff, through his learned counsel, contends that the acceptance is not in precise keeping with the offer; that the offer was made to let the property at two hundred and fifty dollars for each of the six winter and two hundred dollars for each of the six summer months. The acceptance is two hundred and twenty-five dollars for each month of the twelve months. It will be observed that the total for the twelve months is the same in each case. That does not seem heretofore to have been the point of difference between the plaintiff and the defendant. Plaintiff having made the offer before mentioned, there is enough in the record to sustain the conclusion that the acceptance and one of the propositions of plaintiff are alike.

Before taking our leave of this case, we desire to state that we are not inclined to think that there was an attempt on the part of anyone to misrepresent. In the number of conversations had and at the different meetings of the parties and members of their families, there was enough said to sustain any imaginable theory of the case.

In arriving at a conclusion to affirmative testimony was given more weight than to negative testimony in accordance with the well established rule upon the subject. It may well be that witnesses whose testimony was negative in character were entirely sincere. On the other hand no such opinion can be formed if the positive testimony of defendant is not in accordance with the facts and statements made by them. Moreover the general rule of evidence is that affirmative testimony is stronger than negative. Law of Evidence, Jones, Vol 3, p. 901.

On the part of the defense it was said that should we find there was a contract between the parties the judgment must be amended; that the prayer for general relief by both parties and the evidence admitted without objection warrants the court in decreeing that a contract of lease exists between the parties in keeping with the letter of acceptance written by defendants.

We have already stated that a contract of lease exists, but under the pleadings and the issues we do not think that we should, *ultra petitum*, decree that the judgment heretofore rendered is in part erroneous and that it should be amended.

For reasons assigned, the judgment appealed from is affirmed.