(48 South. 311.)

No. 17,019.

SIEWARD v. DENECHAUD.

(Jan. 18, 1909.)

LANDLORD AND TENANT (§ 213*) — LEASES — RENT—TENDER OF PAYMENT.

A lessee is within his rights when he tenders payment of his rent in accordance with the terms of his contract, and cannot be forced, as a condition to such payment, into an understanding with the lessor, or into an acquiescence in the latter's proposition, as to the effect of such payment, and acceptance of payment, upon the lessor's rights in a pending suit for the dissolution of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 213.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Marie L. Sieward against Justin F. Denechaud. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 120 La. 720, 45 South. 561.

Buck, Walshe & Buck, for appellant. Miller, Dufour & Dufour and Omer Villeré, for appellee.

Statement of the Case.

MONROE, J. Plaintiff's deceased husband, in 1902, leased to certain parties, of whom the defendant is the successor, the Hotel Denechaud, for a term of five years, expiring September 30, 1907. In 1905 he made another lease, beginning October 1, 1907, and expiring September 30, 1912. In 1907 plaintiff and John Clair Campbell, as executors, brought suit to annul both leases, on the ground that the lessees had changed the name or designation of the property to "The Inn," and the suit was decided against them on the appeal, in January, 1908. Sieward v. Denechaud, 120 La. 720.[1] In the meanwhile (November 18, 1907), plaintiff instituted the present suit, in which she alleges that her late husband made the lease last above mentioned "at a monthly rental of $700 * * *, payable on the first day of each and every month," for which the lessee (defendant herein) gave "sixty rent notes, payable to the order of petitioner at the People's Bank * * *"; that the leased property was sold in due course of administration and purchased by her, and that she is the owner of the notes; that the note maturing November 1, 1907, has not been paid, though due demand has been made for the payment; that the suit previously brought (being the suit mentioned above) is pending and is made part hereof, and that her rights therein are reserved; that, on October 29th her attorneys addressed a letter to defendant's attorneys, which reads:

"Mrs. Sieward has placed the rent note maturing on November 1, next, in our hands and we will be glad to receive payment of it, with the understanding that the payment is accepted under the terms of our petition in the suit for amendment of the lease and with reservation of all rights. If this is satisfactory, kindly advise Mr. Denechaud to pay the note to us and we will surrender same, coupled with the reservation above expressed."

That on November 2d, defendant, accompanied by two witnesses, tendered to plaintiff's attorney the amount necessary for the

---

[1] 45 South. 561.

payment of the note in question, and that her attorney offered to accept the payment—

"with reservation of all the rights of petitioner under the pending suit * * *, in accordance with the terms of the letter of October 29th."

That defendant declined to pay said note if any condition was attached, or if any reservation was insisted upon.

That petitioner's attorney—

"to avoid all possible doubt or misconstruction, prepared, in writing, the substance of the reservation, expressing the condition on which payment would be received."

That said document was submitted to said defendant—

"who refused to accede to it or make the payment if any condition were attached to its being accepted, and withdrew. Said document, expressive of the reservation made, is annexed and filed herewith"

—and reads:

"This is to certify that, according to the terms of the letter of Buck, Walshe, and Buck, Attys. for Mrs. M. L. Sieward, of Oct. ——, addressed to Messrs. Miller, Dufour & Dufour, Attys. for Justin F. Denechaud, payment of note, for rent of premises corner Carondelet and Union Streets, is accepted and note delivered with full reservation of all rights under pending suit for annullment of the lease. * * * "

That thereafter, on the same day, her attorney "received a communication, * * * filed as part hereof," and reading as follows:

"Gentlemen: Acting under our advice, Mr. Justin F. Denechaud made you, this morning, a legal tender of $700, in payment of the note, for that amount, due Nov. 1, 1907, and held and owned by Mrs. Marie Louise Sieward. This tender was made to you as Mrs. Sieward's attorneys, in view of the advice received by us, from you, to the effect that the note was in your possession and payment should be made to you. Mr. Denechaud is prepared to pay the note and we now reiterate the tender. We will agree to no reservation. If you are entitled to any reservation, or to receive this money without prejudice, under the law, the law will protect you without formal agreement from us. Mr. Denechaud will continue to decline to make any reservations, and will hold the money, subject to Mrs. Sieward's order and upon surrender of this note."

That her attorneys sent an answer, hereto annexed, which concludes as follows:

"We ask you to consider this a formal and peremptory demand for payment of rent due under the lease commencing October 1, 1907, with reservation stated. We decline to be the judges of our client's legal rights, without such reservation, and, therefore, expressly insist on it. * * * "

That, on November 4, 1907—

"defendant again accompanied by two witnesses, * * * repeated the tender of the cash money in payment of the rent note and demanded its acceptance, unconditionally, and refused to make said payment if its acceptance was coupled with any reservation whatever, urging, orally, however, that, if Mrs. Sieward, lessor, would make certain repairs, which it was claimed had been demanded, and in reference to which, if she agreed to make them, they would agree to have it understood that she did so with reservation of all rights under said pending suit, and in that event would pay the rent note, subject to similar reservations. Your petitioner, through her said attorneys, declined to enter upon any discussion on the subject of repairs, and insisted upon the payment of the note, which was again refused. Your petitioner is informed and believes that the failure to pay, under the circumstances, is willful and arbitrary, and is a violation of the contract, and entitles her to demand the nullity and cancellation thereof."

And she prays for judgment accordingly.

Defendant answers that he offered to pay the note, when it fell due, in accordance with the terms of his lease, without entering into new stipulations, or demanding, or granting, any reservations, and has always been ready to pay it on those terms.

Plaintiff appeals from a judgment rejecting her demands.

### Opinion.

There was some little oral testimony taken, but the case to be decided is embodied in the foregoing statement of the pleadings, and amounts to this: That defendant was the debtor of a note reading (in part):

"On the first day of November, 1907, I promise to pay to the order of A. H. Sieward seven hundred dollars, value received in rental for the month of October, 1907, payable at People's Bank, New Orleans."

That the note was given in connection with a contract of lease which contains the usual stipulations with regard to the punctual payment of the rent. It was his right, as well

as his obligation, to pay the note and the rent according to his contract, and he could not, for the purposes of such payment, or as a condition thereto be compelled to become a party to any understanding outside of his contract.

The difference between the case of Staehle v. Leopold, 107 La. 399, 31 South. 882 (to which we are referred), and the instant case, is that in the former the lessor gave a receipt for his rent containing a reservation of · his right to prosecute a pending appeal from a judgment maintaining ·the lease, which he was seeking to dissolve, and the lessee accepted it, without objection; whilst in the instant case the lessor insisted that the lessee should make himself a party to · an "understanding," and should acquiesce in her proposition that her rights should be reserved in accepting such payment, and the lessee declined to bind himself by any understanding or acquiescence, which we think he had the right to do. Whether, if plaintiff had simply notified defendant that she . did not intend, by accepting the rent, to waive her rights in the pending litigation, such notice would have served the purpose she intended to accomplish by insisting upon an understanding with defendant to that effect, it is unnecessary to inquire. She could not force upon him an understanding with regard to, or an acquiescence in her interpretation of, the effect of such acceptance.

Judgment affirmed.

---

(48 South. 312.)