ROGERS, J.
 

 On December 3, 1924, the plaintiff bank,. as a creditor, instituted suit in the district court for the parish of Tangipahoa for the appointment of a receiver to the defendant corporation. In its petition, plaintiff set forth the various grounds on which it based its action, and in the prayer thereof it asked, in addition to its main demand, for a restraining order, to be followed by injunction, prohibiting the disposition of the assets of the defendant. Issue was joined by the defendant both on the application for the injunction and to the action on the merits. The case was then tried and resulted in a judgment granting the injunction and appointing the plantiff bank as the receiver of the defendant company. A suspensive appeal was asked for and granted from the judgment appointing the receiver, and a devolutive appeal was asked for and granted from the judgment granting the injunction. Both appeals were perfected by the execution of the necessary bonds, and the transcript was lodged in this court on December 29, 1924. Prior to the application for the appeals, the plaintiff bank had given bond and qualified as receiver under the judgment.
 

 On February 10, 1926, while the case was pending on appeal, T. J. Bartlette, a resident of the city of New Orleans, filed a petition in this court in which he alleged that on January 27, 1926, the appellant, -Hammond Motors Company, Inc., was adjudicated a voluntary bankrupt by the United States District Court for the Eastern District of Louisiana,' and that at the first meeting of creditors, held on February 8, 1926, he was duly elected trustee of the bankrupt estate. Petitioner then alleged that as said trustee he is legally vested with title to all the property of the bankrupt; that, by reason of the appeal taken in the receivership proceedings, the receiver has never taken possession of the bankrupt’s property, which is constructively in possession of petitioner and in the actual possession of the corporation, subject to the injunction issued ,by the District Court. The prayer of the petition is that this court give effect to the judgment adjudicating appellant a bankrupt, that appellee’s demand for the appointment of a receiver be dismissed, and that petitioner should be decreed, as trustee, to be legally
 
 *291
 
 invested’with, and entitled to, the immediate ¡possession-of all-the property of the bankrupt estate. ■
 

 Appellee first excepted to the petition on the grounds that this court is without appellate or supervisory jurisdiction to grant the relief sought, that the matter and things set forth are outside the record of the suit, and that the decision thereon requires the taking of testimony and the exercise of original jurisdiction. In the alternative, it was averred that said petition failed to disclose any right or cause of action. Later, appellee, with reservation of its exceptions, filed an answer in which, among other things, it denied that the trustee had the constructive, and the corporation had the actual, possession of the property of the appellant, and specifically alleged that the district court for the parish of Tangipahoa took possession of the assets and property of the defendant corporation and administered same; that respondent, as receiver, had and now has the actual custody and possession of said assets and property, and is administering it under the orders and directions of said court.
 

 We think the petition must be dismissed. In the exercise of its appellate jurisdiction, this court only reviews judgments and proceedings of inferior courts as the cases are made up in said courts as shown by the transcripts of the records and proceedings brought up by the appeals. Code of Practice, arts. 894, 895. We cannot notice evidence dehors the record. Tanneret v. Ins. Co., 32 La. Ann. 663; Succession of Trouilly, 52 La. Ann. 279, 26 So. 851. A plea of adjudication or discharge in bankruptcy cannot be set up originally in this court. Such plea must be made expressly in the court below, else we must refuse to take cognizance of it. Serra e Hijo v. Hoffman & Co., 29 La. Ann. 17; Hill v. Boucier, 29 La. Ann. 841; Wheeler & Pratt v. Fisk, Man. Unrep. Cas. 211.
 

 If the alleged trustee has rights to assert against, upon, or concerning the property and assets of the defendant corporation, he must do so originally in the district court. Non constat, that on such a hearing, with all the facts properly in evidence, he will be able to oust the possession of the receiver, since it is not in every case that the jurisdiction of the bankruptcy court supersedes the jurisdiction of the state court. See Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; Pietri v. Wells, 137 La. 1087, 69 So. 847.
 

 AVe do not find anything in Trager v. Cavaroc Co., 123 La. 329, 48 So. 919, and the other authorities cited on behalf of the petitioner, which conflicts with the views hereinabove set forth.
 

 There being no legal objection to the final disposition of the case, we must proceed to consider it on its merits. The district judge found that the averments of plaintiff’s petition were sustained sufficiently by the evidence to justify him in granting the preliminary injunction and in appointing the receiver prayed for. No appearance has been made in this court by any one on behalf of the appellant for the purpose of pointing out wherein he erred in so finding and acting. From our own examination of the record, we have reached the conclusion that the judgment appealed from is correct.
 

 For the reasons assigned, the petition of T. J. Bartlette, alleging himself to be the trustee in bankruptcy of the defendant corporation, is dismissed at his cost, and the judgment appealed from is affirmed, at the cost of the appellant.