No. 3635

Second Circuit

FEDERAL SECURITIES CO., INC., v. SWAYZE
(KEEN ET AL., Warrantors)

(December 31, 1929. Opinion and Decree.)

John B. Files, of Shreveport, attorney for appellants.

McHenry, Montgomery, Lamkin & Lester, of Monroe, attorneys for appellee.

REYNOLDS, J. The Federal Securities Company, Inc., sued R. D. Swayze for $238.57, with legal interest thereon from November 18, 1928, on a certain draft for that amount, dated at Shreveport, La., July 18, 1928, drawn by Brown-Mason Oil Company, Inc., on him, payable to drawer's order 120 days after its date, and accepted by him on the day of its date. Across the face of the instrument is printed, "The obligation of the acceptor of this bill arises out of the purchase of goods from the drawer."

The draft is indorsed in blank by the drawer; and the plaintiff alleges that it acquired it before maturity, for value, in due course of business.

Plaintiff further alleges that the draft was given by defendant to Brown-Mason Oil Company, Inc., in part payment of the purchase price of certain barrels of oil sold to him by Brown-Mason Oil Company, Inc., that it has a vendor's privilege on the goods to secure the payment of the draft, and that it fears the defendant will dispose of the property during the pendency of the action, and that a writ of sequestration is necessary to protect its rights in the premises.

A writ of sequestration was issued, and the property impounded.

Defendant filed an answer alleging, in substance, that the oil sequestered was part of a larger quantity purchased by him from the Brown-Mason Oil Company, Inc., on June 2, 1928, for the price of $954.25 in payment of which he had given four acceptances, the one sued on and three others for $238.57 each, payable, respectively, in 30, 60, and 90 days after their date, all four being otherwise of like tenor and date; that on or about August 19, 1928, he and Brown-Mason Oil Company, Inc., entered into an agreement whereby he delivered to it the oil sequestered, and it agreed to return to him his four acceptances and to pay him $2 each

for all empty oil barrels he should deliver to it; and that he had delivered to it 40 empty barrels pursuant to the agreement, for which amount the Brown-Mason Oil Company, Inc., was indebted to him; and that the acceptances have not been returned to him.

He further alleged that C. D. Keen and L. C. Grosjean were appointed receivers of the Brown-Mason Oil Company by the First Judicial District Court of Louisiana in and for the parish of Caddo on November 24, 1928, in a suit therein pending, numbered 49714, and entitled C. D. Keen v. Brown-Mason Oil Company, Inc.

He further alleged that the three last maturing of the drafts were in the possession of the receivers, and that he was entitled to have them returned to him and to be held harmless by them from liability under the one sued on, and that he had a right of pledge on the oil to secure the performance of such obligation.

He prayed that the receivers be called in warranty and cited, and that he have judgment against them for the value of the empty barrels, and that they be ordered to return to him the three acceptances in their possession, and that he also have judgment against them for whatever amount plaintiff should recover judgment against him, and that his right of pledge on the oil be recognized and made executory.

Answering the call in warranty, the receivers admitted receiving from defendant barrels of the value of $80, and alleged that he had been credited therefor; it admitted the delivery of the oil to it by defendant, but denied that it agreed to return to him his acceptances, and alleged that the acceptances had been indorsed by the Brown-Mason Oil Company, Inc., and negotiated by it, and had been probated by the owners and holders of them against the estate of Brown-Mason Oil Company, Inc., in the receivership proceeding.

On these issues the case was tried and judgment was rendered in favor of the Federal Securities Company, Inc., and against R. D. Swayze for $238.57, with legal interest thereon from November 18, 1928, until paid, and costs of suit, and maintaining the writ of sequestration and recognizing the asserted vendor's privilege on the property sequestered.

And judgment was rendered in favor of R. D. Swayze and against the receivers for $238.57, with legal interest thereon from November 18, 1928, until paid, and costs of suit, and ordering them to return to him the three other acceptances for $238.56 each, and taxing them with the costs of suit.

From this judgment the receivers appealed.

Swayze did not appeal or answer the receivers' appeal.

Swayze filed in this court a petition, verified by the affidavit of his attorney on information and belief, setting forth that, on July 6, 1929, he was adjudicated a bankrupt by the United States District Court in and for the Western District of Louisiana, and that the present suit was listed on his schedule of assets and liabilities in that proceeding, that on September 24, 1929, he had petitioned the court for a judgment discharging him from

all his debts, and that the petition was still pending; and he prayed that this appeal be stayed until after action on his petition, and that, if the petition be granted, the appeal be dismissed insofar as it affects him.

## OPINION

Swayze not having appealed, the judgment, as between him and the Federal Securities Company, Inc., cannot be altered.

The receivers made no appearance in this court, but in a brief filed by them they say:

"We submit, therefore, that the judgment of the District Court of Ouachita parish is erroneous, first, because it illegally recognizes a lien and privilege where none exists; and, second, that it had no jurisdiction to seize property in the custody of the District Court of Caddo parish."

These questions, however, are not before us, for the reason that Swayze did not appeal, and therefore it is beyond our power to alter the judgment in favor of the Federal Securities Company, Inc., against him; and for us to hold that the Federal Securities Company, Inc., had no privilege, or that the district court of Ouachita parish was without jurisdiction of the sequestered oil, would be to alter the judgment.

The judgment in favor of Swayze against the receivers does not purport to deal with the asserted privilege. Were it otherwise, however, it is clear that the privilege existed. Undoubtedly the Brown-Mason Oil Company, Inc., had a privilege, and, when they sold the acceptance, the privilege passed to the transferee as a matter of law.

"The sale or transfer of a credit includes everything which is an accessory to the same; as suretyship, privileges and mortgages." Civ. Code, art. 2645.

Besides this, as vendor of the acceptance, they impliedly warranted the existence of the privilege as well as the debt, and are therefore estopped to attack their own act. Citizens' Bank & Trust Co. v. Cook, 9 La. App. 540, 121 So. 306.

In respect of the question of jurisdiction, no such issue was raised in the district court; and this court will only consider questions presented to and adjudicated by the trial court. Staehle v. Leopold, 107 La. 399, 31 So. 882.

Aside from this, the jurisdiction of the district court could not be attacked collaterally, by answer to a call in warranty.

In respect of the petition of Swayze that the hearing on the appeal be stayed, it is sufficient to say, in the language of the Supreme Court (Merchants & Farmers' Bank & Trust Co. v. Hammond Motors Co., Inc., 161 La. 288, 108 So. 485, 486):

"In the exercise of its appellate jurisdiction, this court only reviews judgments and proceedings of inferior courts as the cases are made up in said courts as shown by the transcripts of the records and proceedings brought up by the appeals. * * * We cannot notice evidence dehors the record. * * * A plea of adjudication or discharge in bankruptcy cannot be set up originally in this court. Such plea must be made expressly in the court below, else we must refuse to take cognizance of it."

We do not understand the receivers to question the validity of the **judgment** against them, but only that the district court was without jurisdiction, and that the Federal Securities Company, Inc., had no privilege. These contentions have been considered and disposed of.

Finding no error in the judgment, it is affirmed.