See also 218 La. 586, 50 So.2d 202.

**52 So.2d 716**

**WILSON v. WILSON.**

**No. 40105.**

April 23, 1951.

Samuel P. Love, Kenneth Rigby and Booth, Lockard & Jack, Shreveport, for plaintiff-appellant.

Sylvian W. Gamm and Isaac Abramson, Shreveport, for appellee.

PONDER, Justice.

Jacquette C. Wilson obtained judgment of separation from bed and board from her husband, Lester L. Wilson, on March 29, 1949. She was awarded the custody of their minor child, Lester L. Wilson, Jr. Shortly thereafter, she was awarded, by way of rule, alimony pendente lite in the amount of $250 per month and $50 per month for the support of the minor. The husband obtained a judgment of final di-

vorce on July 12, 1950. The wife's right to claim alimony was reserved in the judgment. On August 10, 1950, the wife was granted a suspensive appeal to this Court. It appears from the record that the wife, having failed to answer the husband's petition for divorce, the judgment was secured by confirmation of default.

■ Appellant contends that the judgment of the lower court should be set aside and the case remanded in order that she might answer the suit and ask for alimony. She contends that her counsel agreed with counsel for the appellee, that no answer would be filed in the divorce proceedings and that a judgment of default would be entered, without her consent and contrary to her expressed instructions to her counsel. Appellant has employed new counsel who is representing her on this appeal. In support of her contention she relies on Article 607 of the Code of Practice and decisions of this Court, relating to nullity of judgments.

■ The nullity of a judgment can be demanded on appeal only when the nullity is apparent on the face of the record. Article 609 of the Code of Practice. The contention is based solely on matters dehors the record which were raised the first time on application for appeal. There is nothing in the record to show any irregularity in the proceedings or to warrant the setting aside of the judgment and remanding the case. Matters dehors the record cannot be considered on appeal. Merchants' &

Farmers' Bank & Trust Co. v. Hammond Motor Co., Inc., 161 La. 288, 108 So. 485. We can only consider the case in the situation presented by the record; otherwise, we would be assuming original jurisdiction on appeal. Begnaud v. Grubb & Hawkins, 209 La. 826, 25 So.2d 606. The appellant's remedy, if any, would be by direct action in the lower court to annul the judgment.

Her rights to alimony have been reserved.

For the reasons assigned, the judgment of the lower court is affirmed.