136 So.2d 44

**BOARD OF COMMISSIONERS FOR ATCH-AFALAYA BASIN LEVEE DISTRICT**

**v.**

**ST. LANDRY PARISH SCHOOL BOARD.**

No. 45719.

Dec. 11, 1961.

Rehearing Denied Jan. 15, 1962.

Samuel C. Cashio, Dist. Atty., Maringouin, Charles H. Dameron, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellant-relator.

J. Y. Fontenot, Dist. Atty., Opelousas, for defendant-appellee.

McCALEB, Justice.

This is a suit for a declaratory judgment as authorized by Articles 1871–1883, Code of Civil Procedure.

Plaintiff, the governing authority of the Atchafalaya Basin Levee District, alleges in substance that, pursuant to powers vested in it by constitutional and statutory provisions, it appropriated rights-of-way over various properties for levee and levee drainage purposes in connection with the West Protection Levee Intercepted Drainage Bayou Courtableau Outer Channel and Levee, which included a right-of-way over and across a certain tract of land in St. Landry Parish belonging to the defendant School Board; that the value of the land used and destroyed by it has been appraised at the sum of $182 and that a bona fide dispute exists between it and defendant as to whether or not compensation may be lawfully paid to defendant for the land used and destroyed for the aforesaid purposes. It is

further averred that the only authority plaintiff has for payment for lands used and destroyed for levee and levee drainage purposes is contained in Article 16, Section 6 of our State Constitution, which provides for payment at a price not to exceed the assessed value of the land for the preceding year; that it is petitioner's position that this constitutional provision cannot apply to the lands in question because, being public lands, they were never placed on the assessment rolls of the Parish and that, therefore, no compensation whatever is due defendant; that defendant, on the other hand, relying on an opinion of the Attorney General, reported at page 1902 of "The Reports and Opinions of the Attorney General[1] 1940–1942" contends that the land appropriated by petitioner should be paid for, when owned by an incorporated public body, to the same extent as if it were privately owned. Petitioner, then, concludes that, since there exists uncertainty and insecurity in regard to the respective rights and obligations of the parties, a declaratory judgment should be rendered determining the dispute as to whether or not the defendant School Board is lawfully entitled to compensation from petitioner for the right-of-way acquired by appropriation of the property for levee purposes.

In due course, defendant answered and admitted all allegations of the petition and, setting forth that it was entitled to be paid compensation, prayed that the court should render judgment accordingly. On the same day the parties filed a stipulation of facts which reiterated the allegations of fact contained in the petition and further declared that defendant's land had been appropriated by plaintiff at the request of the United States under an agreement whereby plaintiff would be reimbursed for any sum it might have to pay defendant for the land. The stipulation also stated that the case would be submitted on the facts therein set forth " * * * and that the sole question for adjudication herein is whether or not a public agency, * * * is entitled to be paid for its lands *which are actually used and destroyed for levee and levee drainage purposes.*" (Italics ours.)

On this issue the district court rendered judgment declaring that plaintiff was legally obligated to compensate the Parish School Board for the right-of-way appropriated for levee and levee drainage purposes and that it should pay the admitted value of the land, to wit, $182.00. Plaintiff appealed from the adverse decision to the Court of Appeal, Third Circuit, where the judgment was affirmed on a ground entirely different

---

1. Petitioner depends on a contrary ruling of the Attorney General reported at pages 424 and 427 of "The Reports and Opinions of the Attorney General 1944–1946" declaring that Article 16, Section 6 of the Constitution contemplates that other governmental agencies are expected to bear, without compensation, a portion of the burden of levee construction.

from that presented by the pleadings and stipulation.

It appears from the record that a supplemental stipulation of facts was filed in the Court of Appeal on April 26, 1961, approximately one month prior to the date of the appellate court's decision. The reason for the filing of this additional factual stipulation does not appear in the transcript. However, it is evident that its purpose was to inform the Court of the geographical location of the appropriated land in relation to the flood control work, as it was agreed that the property is situated within one mile of Bayou Courtableau, approximately three miles from the Atchafalaya River, thirty miles from the Mississippi River and just east of the West Atchafalaya Basin Protection Levee. The stipulation imparted the information that the land was needed in connection with national flood control plans relating to the Mississippi River and those water courses connected therewith, pursuant to the basic plan of preventing the flooding of lower lands along the Mississippi and its connected water courses by diverting or preventing the accumulation of excess waters from other sources. The stipulation also reiterated the fact that the United States had agreed, pursuant to the authority contained in 33 U.S.C.A. § 702a–10, to reimburse plaintiff for all sums it was obligated to pay in acquiring the needed rights-of-way.

Taking full account of the stipulated location of the school board land in relation to the rivers and bayous, where the levee work was being done, the Court of Appeal deduced that the appropriation of the land without adequate compensation was illegal because the public servitude, with which it may have been burdened under Article 665 of the Civil Code for the construction and repair of levees, did not extend to the flood control work being conducted under the auspices of the Federal Government as the necessity of this work to confine the waters of the Mississippi and Atchafalaya Rivers and Bayou Courtableau was not produced by the forces of nature but resulted, in the main, from artificial causes. In support of this resolution the court cited, among other cases, Dickson v. Board of Com'rs, 210 La. 121, 26 So.2d 474, Delaune v. Board of Commissioners, 230 La. 117, 87 So.2d 749 and Board of Com'rs for Pontchartrain Levee Dist. v. Baron, 236 La. 846, 109 So.2d 441. Additionally, the court inferentially indicated that compensation should be paid by the Levee Board in view of the fact that Congress has authorized the Secretary of the Army to enter into agreements with local levee boards for reimbursement of such boards for the cost of acquiring rights-of-way (see 33 U.S.C.A. § 702a–10), as was done in this case, and that, hence, the United States must ultimately pay since property such as that appropriated by plaintiff in this case does not come within any exception

contained in the Act of Congress. See Board of Com'rs, etc. v. St. Landry Parish School Bd., La.App., 130 So.2d 692. On plaintiff's application we granted certiorari.

■ It seems clear from the statement of the case that the decision of the Court of Appeal cannot stand premised, as it is, on the conclusions it has drawn from a stipulation of fact filed after the case was appealed. It is, of course, hornbook that an appellate court can only consider a case in the situation presented by the record for, to do otherwise, would be assuming original jurisdiction on appeal. See Begnaud v. Grubb and Hawkins, 209 La. 826, 25 So.2d 606 and Wilson v. Wilson, 219 La. 205, 52 So.2d 716.

■ But, apart from this, it is evident that the Court of Appeal went far beyond the facts stipulated on appeal in reaching its decision that the appropriation of defendant's property was invalid. We find nothing in either the pleadings or stipulation of fact to substantiate its conclusion that the Federal Flood Control Project was not "* * * reasonably needed to confine the overflow of waters from the Courtableau, Atchafalaya or Mississippi such as might be produced by the forces of nature unaided

by artificial causes * * *" and that "* * * the defendant's land was, rather, taken in aid of the overall diversion of the excess waters of the entire Mississippi Valley, including the man-produced diversion onto floodways or other routes outside the major channel of the Mississippi, where such waters might otherwise produce disastrous major floods of other lands." Indeed, whether or not the levee and levee drainage purposes for which the school land herein was appropriated, stem principally "from forces of nature unaided by artificial causes" is a question of fact which essentially must be established by expert or technical evidence; it is not a matter over which a court may take judicial cognizance.[2]

■ However, although not sustained by the evidence, the view of the Court of Appeal has opened a new issue in the case (apparently with the consent of the litigants) which should be explored and determined if properly presented, before a declaratory judgment can be rendered.

Giving due regard to all of the circumstances, it would serve no useful purpose for us to express, at this time, an opinion on the single issue presented on the original hearing in the district court. Suffice it to

---

2. Nor do we find any substance in the Court of Appeal's indication in its opinion that the Levee Board should not be exonerated from paying for the land since the Federal Government is required by its contract, made pursuant to statutory authorization, to reimburse it. This is

merely to suggest that the United States is the real party at interest in the litigation. If this be so, the suit should be remanded as declaratory relief cannot be had without joinder of an indispensable party. See Article 1880 of the Code of Civil Procedure.

say that the ends of justice will best be served by remanding the case to the district court for amendment of the pleadings and the taking of evidence on the new issue which has been injected into the cause since it was decided below, and also for the determination of any other issue which may be raised in the district court.

Accordingly, for the reasons assigned, the judgment of the district court, which was affirmed by the Court of Appeal, is annulled and set aside and the case is remanded for further proceedings in accordance with law and consistent with the views herein expressed.

HAMLIN, J., absent from the city.