461 So.2d 481 (1984)
STATE of Louisiana
v.
Michael SINGLETARY.
No. CR84-300.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*482 Caliste Beard, Jr., Lafayette, for defendant-appellant.
J. Nathan Stansbury, Dist. Atty., Michael Harson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
GUIDRY, Judge.
Defendant, Michael Singletary, was charged by indictment with the crime of second degree murder, in violation of La. R.S. 14:30.1. He was found guilty on January 19, 1984 by a 12 person jury. On January 30, 1984, the defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant has appealed urging two assignments of error.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that he was denied his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 § 13 and § 16 of the Louisiana Constitution of 1974, in that, the Indigent Defender Board of Lafayette Parish refused his court-appointed attorney's request for payment for expert services. Defendant contends that he needed the assistance of a psychiatrist, a pathologist and a ballistics expert for the preparation and presentation of his defense. In support of his contention defense counsel attached an affidavit to his appellate brief which states that, in August of 1983, defense counsel met with the administrator of the Indigent Defender Board in Lafayette and requested permission to employ a ballistics expert, a pathologist, and a psychiatrist to testify at defendant's trial. The affidavit reveals that such request was denied by the Board because of a lack of funds. The record does not reflect that the defendant persevered in his attempt to obtain expert assistance. Specifically, following refusal of his request by the Board, he made no request of the State for such assistance nor did he even make the trial court aware of his previous demand to the Board.
At the outset we observe that the affidavit and its contents cannot be considered by this court on appeal as such affidavit purports to attest to facts outside the record. It is well settled that matters dehors the record cannot be considered on appeal; otherwise the appellate court would be assuming original jurisdiction on *483 appeal. Merchants' & Farmers' Bank & Trust Co. v. Hammond Motors Co., Inc., 161 La. 288, 108 So. 485 (1926); Wilson v. Wilson, 219 La. 205, 52 So.2d 716 (1951); Dark v. Brinkman, 136 So.2d 463 (La.App. 3rd Cir.1962).
We are aware of the settled principle that a defendant is entitled to state funding in obtaining evidence crucial to his defense upon a showing of indigency. However, in the instant case, the record does not reflect that defendant requested any assistance from the State or the trial court for funds for the purpose of securing evidence allegedly crucial to his defense, nor does the record demonstrate that defendant established, at the time of trial, a colorable need for the assistance of experts in the formulation of his defense.
The burden is on defendant to show that he is unable to obtain evidence crucial to his defense. State v. Monroe, 397 So.2d 1258 (La.1981), writ denied ___ U.S. ___, 103 S.Ct. 3571, 77 L.Ed.2d 1411 (1983). It was thus defendant's burden to request the needed funds from the trial court. It is well settled that, in order to preserve an issue for appellate review, a party must first direct his request or complaint to the trial court by motion or exception. State v. Allen, 431 So.2d 808 (La. App. 4th Cir.1983). There is no duty placed upon a trial court to make inquiry as to whether a defendant is able to obtain necessary financial assistance. There was no refusal by the trial court to provide the funds since defendant never requested any funds from it. Under the circumstances presented, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges that the trial court erred in allowing the State to impeach his character when he had not placed his character at issue.
La.R.S. 15:481 provides that:
"The state is permitted to introduce testimony of the bad character of the accused only in rebuttal of the evidence introduced by him to show good character."
When a defendant chooses to place his character at issue by introducing evidence of his good character, the State is permitted to rebut such evidence either by calling witnesses to testify to the bad character of the defendant, or by impeaching the defense witnesses' ability to testify to the defendant's character. State v. Bagley, 378 So.2d 1356 (La.1979). In the present case, the defendant did place his character at issue, thus enabling the State to produce rebuttal evidence concerning the defendant's bad character.
Upon examining the record, we find that defendant did initially place his character at issue. Counsel for defendant cross-examined defendant's girlfriend and his roommate, inquiring about defendant's temper. When defendant took the stand, defense counsel specifically questioned him about his prior criminal record. Defendant admitted that he had been convicted once in Florida for being "overly intoxicated". A defense witness, Mr. Wyllie Shirey, under direct examination was asked: "And in all your life, have you ever known him (the defendant) to have a reputation for any violence whatsoever personally?" Mr. Shirey answered, "No." On cross-examination the State questioned defendant as follows:
"Q. Isn'tisn't it correct that you tend to get somewhat belligerent when you're drinking?
A. What do you mean by that?
Q. Belligerent, uh, combative, willing to fight, wanting to fight?
A. No, I don't like to fight.
* * * * * *
Q. Isn't it a fact that you get very angry at anybody who tries to step in and who doesn't defend or who tries to oppose you, particularly when you've been drinking?
A. No, Sir."
Defendant complains that these questions by the State were in violation of La. R.S. 15:481 since he did not place his character at issue. We find the record clearly shows that defendant placed his character *484 at issue first, therefore, the State's introduction of rebuttal testimony was proper.
Notwithstanding this finding, since defendant failed to object to the State's rebuttal testimony, he is precluded from doing so now. La.C.Cr.P. Art. 841. This assignment of error lacks merit.

DECREE
For the above and foregoing reasons, we affirm defendant's conviction and sentence.
AFFIRMED.