961 So.2d 513 (2007)
Jamie-Lynn Brondum, Wife of and Stephen R. BRONDUM
v.
Suzanne FRITTS, Wyeth Laboratories Lobrano, and Kemper Insurance Company.
No. 07-CA-24.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2007.
*514 W. Chad Stelly, Blake G. Arata, Jr., C. Perrin Rome, III, Attorneys at Law, New Orleans, Louisiana, for Plaintiffs/Appellants.
Mindy B. Patron, Sarah M. Bleichner, Attorneys at Law, New Orleans, Louisiana, for Defendants/Appellees.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
WICKER, Judge.
The judgment on review in this appeal is one that granted exceptions of insufficiency of service and prescription, and dismissed all claims by plaintiffs, Jamie-Lynn and Stephen Brondum, against defendants, Suzanne Fritts and Wyeth Laboratories Lobrano(Wyeth)[1]. For the reasons that follow, we affirm.
Plaintiffs, Jamie-Lynn Brondum and her husband, Stephen R. Brondum, filed this action against Suzanne Fritts, her employer, Wyeth, and their insurer, Kemper Insurance Company (Kemper), for damages sustained by Mr. Brondum when his vehicle was struck from behind by one driven by Ms. Fritts and owned by Wyeth.
The accident occurred in Jefferson Parish on December 16, 2002. The suit was filed in Orleans Parish Civil District Court on December 3, 2003. Kemper was served on December 15, 2003. The other two defendants were not served. Based on allegations in the petition that the accident occurred in Jefferson Parish and Ms. Fritts is a resident of St. Tammany Parish, Kemper filed an exception of improper venue. The trial court in Orleans Parish ordered a limited deposition of Ms. Fritts for the purposes of determining proper venue. After reviewing the deposition, the trial court granted the exception and found that the matter should be transferred to Jefferson Parish.
The matter was transferred to the 24th Judicial Court for the Parish of Jefferson on September 13, 2004. The only defendant timely served with the lawsuit, Kemper, answered the petition on October 25, 2004. The remaining two defendants, Suzanne Fritts and Wyeth, filed exceptions of insufficiency of service of process and prescription on the same day. Those exceptions were granted and the claims against Suzanne Fritts and Wyeth were dismissed *515 with prejudice. It is from that judgment that plaintiffs appeal.
It is clear from the record that service was never perfected on either Ms. Fritts or Wyeth because of incorrect addresses. The sheriff's returns show that Ms. Fritts had moved and that the address for Wyeth was incorrect. It is also clear that the lawsuit was timely filed in an improper venue, and that Kemper was timely served with notice of the action. In brief to this court, plaintiffs acknowledge these facts. However, plaintiffs maintain that timely service on Kemper is sufficient to defeat the exceptions of insufficient service of process and prescription on Fritts and Wyeth because they are joint tortfeasors. Plaintiffs also allege the failure of defendants to provide regulatory authorities, the accident investigation officer or plaintiffs with their correct addresses precludes the grant of the exceptions of improper service and prescription.
Plaintiffs further argue that an exception of no right of action filed by Kemper subsequent to the judgment at issue herein warrants a reversal of the trial court's judgment on the exception of prescription and insufficient service of process. However, because this court is one of record we cannot consider that argument. See: Hover v. Farber, 05-613 (La. App. 5 Cir. 1/31/06), 922 So.2d 637. The decision of this court cannot stand premised on the conclusions drawn from facts and pleadings stated or filed after the case was appealed. An appellate court can only consider a case in the situation presented by the record for, to do otherwise, would be assuming original jurisdiction on appeal. Board of Com'rs for Atchafalaya Basin Levee Dist. v. St. Landry Parish School Bd., 242 La. 285, 136 So.2d 44 (La.1961). Accordingly, we cannot consider that portion of plaintiffs' argument that relates to pleadings filed by Kemper after the judgment before us was rendered.
Our discussion of plaintiffs' argument is limited to whether service on Kemper is sufficient to meet the requirements of service on joint tortfeasors, and whether failure of defendants to provide a correct address to regulatory authorities, the accident investigation officer and plaintiffs precludes the grant of the exceptions.
Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Under the Direct Action Statute, the insurer is liable to the claimant in solido with its insured. La R.S. 22:655; Shaw v. New York Fire & Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416 (La 1968). Interruption of prescription as to one joint tortfeasor is effective as to all joint tortfeasors. La. C.C. art. 2324. However, La. C.C. Art. 3462 provides as follows:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
Thus, in the matter before us the service of Kemper in an improper venue does not interrupt prescription as to Ms. Fritts or Wyeth. Accordingly, we find the trial court correctly granted the exception of prescription.
In support of plaintiffs' argument with regard to the exception of insufficient service of process, plaintiffs assert that the actions of Ms. Fritts prevented them from discovering the correct addresses for service of process for Ms. Fritts and her *516 employer. We find no factual support in the record for that assertion.
In her deposition, Ms. Fritts stated that on the date of the accident in December of 2002, she was living at 23219 Kilgore Street in Mandeville, Louisiana, the address reflected on her driver's license. However, she sold that home in August of 2003 and purchased a new home at 70239 Gulch Street in Abita Springs, where she is currently living.
Ms. Fritts also testified that she is employed with Wyeth Laboratories as a sales representative for various drugs manufactured by Wyeth. Wyeth had no locations in the New Orleans Metropolitan area. The regional office is in Irving, Texas. Ms. Fritts explained that Wyeth provides her with a car through Deals on Wheels. She was not certain who actually owned the car. The car came into her possession in December of 2001. She stated that the address on the title of the car, 2717 Audubon Street, New Orleans, was an old address she had given Wyeth when she originally went to work for the company several years ago. Ms. Fritts stated that she gave Wyeth all of her current addresses and could not explain why the company did not change the address on the records when it secured the car for her use.
The record contains a copy of the police report of the accident. It correctly lists Ms. Fritts' address as 23219 Kilgore Street Mandeville and gives a telephone number for her. It lists the owner as "Wyeth Laboratories Lobrano" at 2717 Audubon Street New Orleans. It is clear from the deposition that Lobrano was Ms. Fritts' maiden name. It appears that Ms. Fritts was single when she began her employment with Wyeth and living at the Audubon Street address. Apparently, the title of the vehicle purchased for her business use reflected both the name of Wyeth and Ms. Fritts as provided by Wyeth.
Contrary to plaintiffs' argument, Ms. Fritts did give her correct address to the investigating officer at the time of the accident. There is no suggestion by plaintiffs that they attempted to locate Ms. Fritts even though the address on her license plate was correct at the time of the accident and a telephone number was given. Nor is there a suggestion by plaintiffs that they made any attempt to locate Wyeth. Given the facts of this matter, and the lack of due diligence on plaintiff to locate and serve these defendants as required, we find the trial court was correct in granting the exception of insufficient service.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] Wyeth Laboratories was incorrectly named as Wyeth Laboratories-Lobrano in the lawsuit. Apparently plaintiffs took this name from the listing on the automobile lessee agreement which listed both Wyeth Laboratories and Suzanne Lobrano (now Fritts) as lessees.