McBRIDE, Judge.
Plaintiff sued to recover for the damages to his automobile resulting from a collision with defendant’s automobile, and defendant reconvened for his damage. After trial, judgment was rendered against defendant for the amount claimed by plaintiff, $168.19, and the reconventional demand was dismissed. Defendant has taken this appeal,
The automobile of defendant, driven by himself and in which his wife was a passenger, made a left turn from the lakebound roadway of Canal Street into St. Patrick Street and came to a stop with its front end, turned slightly to the left, protruding about eighteen inches into the river-bound roadway of Canal Street, in which plaintiff’s car, driven by plaintiff’s son, was traveling. The two vehicles collided. Defendant and his wife attribute the accident to the failure of plaintiff’s driver to slow down when he observed the position of defendant’s car or to do anything to avert the accident, although he had a reasonable opportunity to do so.
Plaintiff’s son upon approaching the intersection believed that defendant’s car would remain stationary. His testimony is that he slightly slackened his speed before reaching the intersection because of congested traffic in the block toward the river caused by a series of cars double-parked in front of a church in which a wédding ceremony was to take place. He states he continued onward and that just as his car reached or had nearly reached a point in front of defendant’s car, it' started rolling down an incline and ran into the left side of his automobile.
The defendant and his passenger deny any such movement of their car. There is also sharp dispute as to which car hit the other. We might mention here the testimony of plaintiff’s son that the Carriere car rolled into the side of his vehicle is corroborated to a great extent by a photograph which clearly shows that plaintiff’s car was the one struck, as the damage appears about the middle portion of its left side.
 The argument is made that we should take into consideration the fact'that plaintiff’s son was but fifteen years of age and had been driving for only a few months. Young Nelson produced at the trial a motor vehicle driver’s license, issued to him by the proper state officials, and under the circumstances we do not think that his youth per se brands him with incompetency to drive an automobile or demonstrates negligence on his part. The trial judge believed his testimony, and we have no reason to discount it in the least. The boy was justified in his assumption that the Carriere car would remain standing on the neutral ground until he had safely passed.
The defendant and his wife, who were on their way to attend the wedding, say that they had been stopped on the neutral ground from two to five minutes deliberating as to where to park their car, and it strikes us that during the course of their conversation-defendant became inattentive to traffic conditions and thoughtlessly and negligently permitted his car to roll down the incline farther out into the roadway.
*803 There was no showing that the Nelson car was speeding, and the doctrine of the last clear chance can avail defendant nothing — it was not within the power of plaintiff’s driver to prevent the accident, because there was insufficient space in which he could stop, and a swerve to his right could not have been safely accomplished in view of the presence of the double-parked cars along the curb.
The amount of damages which plaintiff claims is not disputed.
Therefore, the judgment appealed from is affirmed.
Affirmed.