JANVIER, Judge.
The, rear end automobile collision on which this litigation is based resulted from the attempt of the driver of one car to back her car from its position at an angle alongside the curb into the center lane of the avenue just as another car was passing in the said.center lane.
The accident occurred at about 8:30 o’clock in the morning on October 3, 1952,-on St. Charles Avenue just below the corner of Napoleon Avenue, in the City of New Orleans, which‘is one of the busiest thoroughfares in this city.
Mrs. Renee' Hebert Bryant, wife of Dennis Bryant; had parked the family car alongside the curb-on the'river side of St. Charles Avenue about 25 feet below the corner of Napoleon Avenue. At that corner there are several commercial establishments on St. Charles Avenue, including that of Banner Laundry & Cleaners,' Inc. Just ahead of the Bryant car and also parked at the curb was a truck of the said Laundry Company, and immediately back of the Bryant car and between it and the corner of Napoleon Avenue was parked another automobile. The Bryant car was parked not exactly parallel with the curb, its rear end being two or three feet further from the curb than was its front end.
. Mrs. Bryant, having left her car on a family errand returned to it and intended *116 to drive it in a downtown direction on St. Charles Avenue. Because of the laundry truck which was immediately in front of it, she could not drive it forward and enter the center lane of traffic which was to her left, and she decided to back it a short distance and then, having secured clearance between the front of her car and the laundry truck, to drive forward, turn to the left, and enter the center lane of traffic. As she entered her car another car belonging to Horace J. Parr and driven by his minor daughter, Mary Lou Parr, was approaching in the center lane of traffic, having crossed Napoleon Avenue.
Before the Parr car reached a point alongside the spot occupied by the Bryant car, Mrs. Bryant backed that car at an angle, which caused the left rear portion thereof to enter the center lane of the avenue as the Parr car reached that spot. There was contact between the left rear of the Bryant car and the right front of the Parr car, and, as a result of that contact, the Bryant car proceeded forward and struck the laundry truck "which, in turn, struck an - employee of the laundry company and injured him slightly.
Both the Bryant car and the Parr car were damaged. Mrs. Bryant was injured rather seriously, Miss Parr only slightly, if at all. Both Bryant and Mrs. Bryant brought suit for damages against Parr individually and against him as “administrator” of the estate of his minor daughter and also against Marquette Casualty Company, admittedly the liability insurance carrier of Parr. Bryant prayed for solidary judgment in the sum of $546.63, alleged to be the cost of medical, hospital and related bills required in the treatment of Mrs. Bryant and for the repair of his car, and Mrs. Bryant prayed for judgment for $12,500 as compensation for her pain, suffering, etc.
Plaintiffs allege that the accident resulted from the negligence of Mary Lou Parr in “failing to keep a proper lookout * * *; in failing to be attentive * * *; in travelling at an excessive rate of speed * * * in failing to have her automobile under control.”
The defendants admitted the occurrence of the accident, but denied that it was caused by any fault of Miss l?arr and averred, on the contrary, that it was caused solely by negligence of Mrs. Bryant in failing “to keep a proper lookout; * * * being inattentive to her surroundings; * * * backing up without being sure that the way was clear; * * * pulling away from the curb without due care for oncoming traffic * * *.”
All defendants pleaded in the alternative the contributory negligence of Mrs. Bryant.
Marquette, Casualty , Company further averred that its policy of liability insurance was limited to $5,000, for personal injuries and $1,000 for property damage.
Parr then, in his own behalf and as “natural tutor and administrator of the estate of his minor daughter”, assumed the position of plaintiff in reconvention and sought recovery in damages against Mr. and Mrs. Bryant. In his own behalf he prayed for judgment for $292.84 as the cost of repairing his car and on behalf of his minor daughter in the sum of $750 for her alleged physical injuries.
At this stage of the proceedings Banner Laundry & Cleaners, Inc., intervened, without objection of any of the other parties, and, alleging that the accident resulted from the joint negligence of Mrs. Bryant and Miss Parr, prayed for solidary judgment against both Mr. and Mrs. Bryant and against Parr, individually and as the- administrator of the estate of his minor daughter in the sum of $109.11, alleging that it had been required to pay $94.76 for repairs to its truck and $14.35 for medical- and drug bills required in the treatment of its injured employee.
There was judgment dismissing both .the main and the reconventional demand and in favor of the intervener as prayed for against all parties. Mr. and Mrs. Bryant have appealed and Parr, in his own behalf *117 and for the benefit of his 'ininor:daughter, has answered the appeal.
The claim of the intervener has been settled by joint agreement with all other parties, and there remains only the question of whether there is liability in the main defendants in favor of plaintiffs or against the plaintiffs and in favor of the plaintiffs in reconvention.
While Mrs. Bryant says that, before attempting to-back her car away from the curb, she looked -to see if it was safe to do so, it is apparent that' she did not exercise the care demanded by so dangerous a movement. As a matter of fact, she very clearly states that it was not her. intention to back the car out into the center lane of traffic. She apparently did not realize that henear was parked slightly at an. angle and. not exactly parallel with the' curb aind her intention was to back -it a few feet along the curb so that the man in charge of the laundry truck ahead might put into it the bundles, which he was carrying and then would drive his truck away leaving her sufficient room to drive forward and, in that direction, to enter the center lane of the avenue. She says:
“Well, the car was at an angle, yes. I am not sure the car was at an angle, but I didn’t intend to back out anyway. I intended to go back in. I wasn’t going to go that far out * * * all I intended to do was to back up and let the Banner Laundry man get his things in and leave.”
However, when she did back it one, two or three feet, which she admits, instead of going backwards along the curb, since the car was not parallel with the curb, the rear of her car protruded into the lane of traffic.
There can be no doubt that this was negligence on the part of Mrs. Bryant. It is true that she said that she looked first to see that it was safe for her to do so, but surely she could not have devoted any care-in merely glancing to the rear of in looking in the rear view mirror. One thing is certain and that is, that the Parr' car-was on the street, was only a short- distance away, and was approaching at a moderate speed. All witnesses said that the speed of that car was between IS- and 25 miles per hour.
The City Traffic Ordinance, No. 18202, C.C.S., which is in evidence, in section 77, provides:
“Limitations on backing. The driver of a vehicle shall not back the same unless such movement can be made-with reasonable safety and without interfering with other traffic.”
The District Judge found that Mrs. Bryant was negligent as we have indicated for he- said:
’“Mrs. Bryant could have waited until the Banner truck left, but instead she was backing her car on an angle, in a' difficult position to see traffic proceeding down St. Charles Avenue.”
Mrs. Bryant, we think, was obviously negligent and her negligence had causal connection with the accident. There remains only the' question of whether on the part of Miss Parr there was negligence which likewise had causal connection with the accident.
Although the plaintiffs charged that Miss Parr had the last clear chance to avoid, the accident, the District Judge did not agree, for he said:
“Counsel for plaintiffs argued that the doctrine of last clear chance should be applied. The court is of the opinion that the doctrine o'f last clear chance does not apply, as the evidence shows that the Parr automobile was too close to the Bryant automobile when the Bryant automobile backed up; and, in the court’s opinion, Miss Parr had insufficient time and space within which to avoid the occurrence.”
It is true that the District Judge also found that Miss Parr was “either driving too close to the cars parked' ’¿gainst the curb, or was not as alert as she should have been, at a time when and place at which traffic was heavy and active.”
*118 We cannot agree, however, that the accident can in any way he charged to the fact that Miss Parr was not alert and, at the same time, hold that she did not have the last clear chance to avoid the accident. In other words, if she was not alert and could, had she been alert, have avoided the accident, then her failure to avoid it was negligence and there would be liability under the doctrine of the last clear chance. But we agree with the other statement of the District Judge that the Parr automobile was too close to the Bryant automobile when the latter backed out into the traffic lane.
If we are so limited by the rules of evidence that we cannot take judicial notice of a fact of which we are actually well aware, still we may consider what is shown by the record that the roadway of St. Charles Avenue at that point has a width which, when there are cars parked at the curb, does not provide more than two, or at the most, three feet of clearance between the cars so parked and those which are in the center traffic lane. And since there is ample evidence to this effect and to the effect that the Bryant car backed out two or three feet into the center lane, it cannot be said that the accident resulted from the fault on the part of Miss Parr in driving too- close to the line of parked automobiles.
In their attempt to show that Miss Parr was at fault, counsel for plaintiffs place great reliance on the testimony of several persons who, they say, were actual eyewitnesses of the occurrence. One of those witnesses was Henry Broyard, an employee of the Banner Laundry, who is referred to by counsel for plaintiffs as a disinterested eyewitness. He was not an eyewitness at all, for when asked whether he had seen the accident, he said:
“No, sir . * * * I heard a noise. * * * I was in the place where I pick up work * * * and I’m telling you what my helper explained to me. I didn’t see it happen.”
There was on the neutral ground a street car of the New Orleans Public Service, Inc., which was going in the uptown direction-. Both the motorman and the conductor of this car are'relied upon as witnesses for plaintiffs. The conductor, when asked if he had seen the accident, said: “No, sir, I didn’t.” The motorman, in his testimony, claimed to have seen the collision. However, in a statement which he had made shortly after the occurrence, he said:
“I heard a crash to my left and when I looked I saw that there was a car in the right lane of the river portion of St. Charles Avenue, facing towards downtown, that had just- been struck on the rear by another car also in the right lane on St. Charles Avenue, headed towards downtown.”
Counsel for plaintiffs who rely on the testimony of this witness attempt to explain this statement in which he said that his attention was first directed to the accident by hearing the crash. They say that what the motorman meant was that he first noticed the Bryant car backing and saw the Parr car approaching in the center lane and realized that there was going to be a collision, but that then he turned his head away and did not actually see the crash but heard it. This .docs not seem to us to be the natural reaction of one who realizes that an accident is aboüt to occur. If he .saw the two vehicles before the crash and saw that they were about to come together, we cannot be persuaded that he looked in the other direction and then looked again only when he heard the crash. We think he did not see the occurrence and did not look until the crash had taken place, and this is what he said in his written statement.
There was some evidence to the effect that the Parr car crossed Napoleon Avenue in the face of a red light. The two occupants of the car, Miss Parr and a young companion, say that they stopped at Napoleon Avenue for the red light to change to green so that they might cross, and that they then crossed at a moderate speed and that just before they reached a' spot alongside the' point at which the Bryant car was parked, it suddenly backed out into their car. In this they are corroborated by am *119 eyewitness who was on the neutral ground looking in that direction.
We think that this is exactly what occurred and we find no negligence in Miss Parr. Consequently there must be judgment against Mr. and Mrs. Bryant;- against her because of her negligent operation of the car, and against him because she was operating the car on a family mission with consequent liability in Mr. Bryant as head of the community of acquets and gains. See Brantley v. Clarkson, 217 La. 425, 46 So.2d 614; Paderas v. Stauffer, 10 La.App. 50, 120 So. 886.
It is stipulated that the cost of repairing the Parr car amounted to $292.84. Consequently there should be judgment in his favor for that amount.
Although it is alleged that Miss Parr received “bruises, lacerations and trauma of her legs”, there is practically no proof to show that her injuries were sufficiently serious to merit consideration.
In the testimony given by Miss Parr at the Discovery and Pre-trial hearing, she said that when the accident occurred she did not make any statement to Mrs. Bryant because “ * * * this gentleman took me to the doctor, — I mean to the druggist, and he put some medicine on my leg.” She also said:
“I had a minor injury. I didn’t go to the doctor, but I hád a sore leg, my right leg. * * 1 * I had a huge bump right on my knee, and this gentleman, you know I couldn’t walk, and so he took me to the druggist right at the corner.”
Her friend, Miss Holley, who was riding with her, in referring to the injuries sustained by Miss Parr, said:
“I know that she had an injured knee or leg. She had a bump on it. We were both limping, I know that.”
And later she said that the bump on Miss Parr’s leg was “around the size of a silver dime * *
The testimony concerning the injuries of Miss Parr does not convince us that they were sufficiently serious to justify an award. She did not go to a doctor. She merely went to a druggist who put some medicine on it and that seems to have been the end of her suffering. De minimis non curat lex.
The judgment appealed from is amended and there is now judgment in favor of Horace J. Parr against Mr. and Mrs.,Dennis Bryant solidarily in the sum of $292.84, with interest from judicial demand; in all other respects the judgment is affirmed at the cost of the plaintiffs-appellants. -
Amended and affirmed.