148 So.2d 303 (1962)
Iona BARNES
v.
P. K. SPIKES, and Forrest Mickel.
No. 5663.
Court of Appeal of Louisiana, First Circuit.
December 14, 1962.
Rehearing Denied January 18, 1963.
Jim W. Richardson, Jr., Bogalusa, for appellant.
Talley, Anthony, Hughes & Knight, by Charles M. Hughes, Bogalusa, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY, and REID, JJ.
REID, Judge.
This is a suit by Iona Barnes, wife of Eugene Barnes for personal injuries sustained by her on June 13, 1961 in an automobile accident in the City of Bogalusa. The suit has been brought against two defendants, Forrest Mickel, the driver of one of the vehicles involved in the accident, and P. K. Spikes, the owner of the other vehicle and employer of Forrest Mickel. Forrest Mickel, defended on the theory that he was guilty of no negligence and in the alternative that plaintiff was guilty of contributory negligence. P. K. Spikes defended on the allegation that Forrest Mickel was guilty of no negligence, and, in the alternative plaintiff was guilty of contributory negligence. *304 Additionally, Spikes denied Mickel was acting within the course and scope of his employment at the time of the accident.
The Defendant Spikes reconvened praying for judgment in the amount of $125.00 for damages to his truck.
The Trial Judge, assigning no written reasons rendered judgment in favor of the defendants, rejecting plaintiff's demand and in addition rendered judgment in favor of plaintiff in reconvention, Spikes, and against Iona Barnes and her husband Eugene Barnes, plaintiffs in companion suit, 148 So.2d 306, for the sum of $125.00 and discharging the indebtedness in favor of Spikes upon payment of said amount by either Eugene Barnes or Iona Barnes. From this judgment plaintiff prosecutes this appeal.
The testimony is conflicting with respect to the facts regarding the accident. We find, however, that Forrest Mickel was proceeding south on Columbia Street, one of Bogalusa's most used thoroughfares at approximately 6:30 P.M. It was drizzling, and plaintiff had just purchased gasoline from a filling station on the southeast corner of Columbia and Second Street. Second Street makes a "T" intersection running east of Columbia Street. Defendant Mickel had come to a complete stop at the intersection in order to allow the north bound traffic on Columbia Street to clear the intersection before making a left turn across Columbia Street. As soon as the last north bound car passed the filling station plaintiff entered Columbia Street south of the intersection and headed north. Defendant Mickel testified that he did not see plaintiff's automobile enter Columbia Street and as he attempted to negotiate his turn the collision occurred. A person attempting to negotiate a left turn across a road or street must exercise great caution and ascertain that the maneuver can be completed in safety. Myers v. Landry, La.App., 50 So.2d 318; Myers v. Maricelli, La.App., 50 So.2d 312; Zurich Fire Insurance Company of New York v. Thomas, La.App., 49 So.2d 460; Liddell v. New Orleans Public Service, Inc., La.App., 128 So.2d 80.
According to the location of damage to plaintiff's automobile from the front light past the left front door and the damage to the left front bumper and fender of the truck we find defendant's pick-up truck ran into plaintiff's automobile. (Nelson v. Carriere, La.App., 68 So.2d 801). Most of the witnesses testified there was a pile of old mufflers and an automobile on a float on the northwest corner of the filling station lot. Although all witnesses testified that this would not and did not obstruct Mickel's vision it shows that plaintiff would have had to be in Columbia Street for at least 12 to 15 feet prior to her entering the intersection of Columbia and Second Street.
We are of the opinion the accident was caused by the negligence of the driver of Spikes' car, Mickel, in making a left hand turn in front of oncoming traffic without ascertaining the maneuver could be made in safety. Plaintiff was not guilty of contributory negligence. Defendant Mickel is therefore liable for the damages suffered by the plaintiff.
With respect to whether defendant, Mickel, was acting within the scope of his employment, the evidence is clear. Mickel was an employee of Spikes as was another passenger in the truck at the time of the accident. They had been on the job earlier that day but had stopped work at about 4:00 P.M. due to rain. Spikes was in the business of hauling pulpwood and usually took his men to and from work on the pulpwood truck. However, on the day of the accident, Spikes had come to the woods in the pick-up truck and had left it there and returned to Bogalusa with the pulpwood truck. When the rain started Mickel and his co-employee took the pick-up truck and went to a grocery store in Varnado where they stopped approximately one and a half hours and bought groceries.
*305 The only allegation in the petition concerning the liability of the defendant Spikes is found in Paragraph 4 in the words, to-wit:
"A truck owned by the defendant, P. K. Spikes, and being operated by the defendant, Forrest Mickel, who was the agent and employee of the defendant, P. K. Spikes, acting in accordance with his employment and transacting the defendant, P. K. Spikes' business was traveling along said Columbia Street in a southerly direction at the intersection of Columbia Street and Second Street in the City of Bogalusa."
The only question is whether Spikes is liable under the doctrine of respondeat superior. This doctrine is expressed in LSA-Civil Code Articles 2317 and 2320 as follows:
"Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things, which we have in our custody. This, however, is to be understood with the following modifications."
"Art. 2320. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. * * *"
This doctrine has been well interpreted by this Court in the case of Romero v. Hogue, La.App., 77 So.2d 74, in the following language:
"The language `in the exercise of the functions in which they are employed' is the Codal expression of the usual phrase `in the course and scope of the employment.' This is evident from the jurisprudence, and a discussion of the liability of a master or employer in such a case as the one before us is found in Gallaher v. Ricketts, La.App., 191 So. 713, 715:
"It is well settled that, as a general rule, an employee, in going to and from his place of employment, is not considered as acting within the scope of his employment to such an extent as to render his employer liable to third persons for his negligent acts. We considered this question thoroughly in Cado v. Many, [La.App.] 180 So. 185, and reached the conclusion that it is only where the trip to or from work is required by the master to be made in an automobile, or other vehicle furnished, or where the use of the vehicle may be regarded as for the owner's purposes, as where it makes it possible for the employee to arrive more quickly at the place of business, that the master, under those special circumstances, may be liable. * * *"
The plaintiff alleges in Article 4 that Mickel was the agent and employee of Spikes, acting in accordance with his employment and transacting the defendant, Spikes', business at the time of the accident. However, there is no evidence in the record to substantiate this allegation or that Mickel was engaged on a mission for his employer.
We therefore conclude Mickel was not acting within the scope of his employment at the time of the accident.
On the question of quantum of damages the plaintiff was not hospitalized, nor did she go to a doctor. She continued to work although she did for a while refrain from doing heavy labor. Under these circumstances her damages could only be nominal and we feel that $150.00 is reasonable. For these reasons it is ordered, adjudged and decreed that the judgment of the City Court be reversed and plaintiff, Iona Barnes, have and recover judgment in her favor and against the defendant, Forrest Mickel, in the sum of $150.00, and legal interest from date of demand until paid, and all costs of this suit.
*306 It is further ordered, adjudged and decreed that plaintiff's demands against P. K. Spikes be rejected and that Spikes' demand in reconvention likewise be rejected.
Reversed and rendered.