PER CURIAM.
This matter is before us under our supervisory jurisdiction. Upon the application of the plaintiff, we issued a rule to the honorable Court Reporter of the instant district court to show cause why she should not furnish to the plaintiff a transcript of evidence without prepayment of the transcription fees.
The pleadings and exhibits show: The trial court rendered judgment dismissing the plaintiff’s suit. Not until after the judgment of dismissal did the plaintiff apply for and receive an order permitting her to further prosecute and to appeal the action in forma pauperis, without prepayment or bonding of costs, see LSA-C.C.P. Article 5181 et seq.
The evidence taken at the trial had not theretofore been transcribed. A transcript of the evidence taken was not required before the case was submitted to and decided by the trial court.
The respondent court reporter has refused to transcribe the evidence and to furnish the transcript for purposes of the plaintiff’s appeal until the plaintiff assures her that her court reporter’s fee of $120.00 for transcribing the evidence will be paid. (In addition to advance court costs of $48.50 previously deposited by her, the plaintiff further paid subsequent to the order of appeal the additional sum of $180.15, representing the costs of court which had accrued prior to the order permitting the plaintiff to continue prosecution of the action in forma pauperis.)
The respondent court reporter’s refusal to furnish the transcript without the payment of the transcription fee, is premised upon the position that the cost of transcribing the evidence is a trial cost, which thus had already accrued before the plaintiff obtained (subsequent to the trial court judgment) the order permitting her to continue to prosecute and to appeal the action in forma pauperis.
Under LSA-C.C.P. Article 5181, a person of little means is permitted to prosecute or defend an action “without paying the costs in advance, or as they accrue, or furnishing security therefor.” A person is permitted to invoke this privilege at any stage of the proceedings and even after perfection of an appeal. Malveaux v. Buller, La. App. 3 Cir., 131 So.2d 571. When a person has secured an order permitting him to proceed in forma pauperis, he “is entitled to: (1) All services required by law of a * * * court reporter * * *, including but not limited to * * * the taking and transcribing of testimony, and the preparation of a record of appeal * * LSA-C.C.P. Article 5185.
The official court reporter is appointed by the district judge and is paid a monthly salary. LSA-R.S. 13:961, subds. A, E. “The duties of the official court reporter shall be to report in shorthand, stenotype, or any other recognized manner, and transcribe into longhand by typewriting all the testimony taken in all civil appealable cases tried *784 in the judicial district served by the court reporters, when ordered so to do by the presiding judge, and to furnish for the purpose of appeal, the necessary carbon copies of the testimony required by law for such appeal”, LSA-R.S. 13:961, subd. C.
In addition to his salary, the court reporter is also entitled to a fee of "seventy-five cents per thirty-one line page reported and transcribed”, which ("except in pauper cases”) shall be paid “primarily by the plaintiff, immediately upon the transcription of such evidence”, LSA-R.S. 13:961, subd. F.
In the instant proceedings, the cost of transcribing the testimony and of preparing the transcript of appeal had not accrued at the time that the plaintiff secured an order of court permitting her to prosecute further and to appeal her action in forma pauperis. In our opinion, the respondent court reporter is therefore under the provisions of LSA-C.C.P. Articles 5181 and 5185 obliged to furnish the transcript of evidence without prepayment of her fees for so doing.
Despite the suggestion to the contrary of the respondent’s able attorneys, we cannot agree that a court reporter is in any different position with regard to his statutory duty to furnish transcripts of evidence to pauper parties without prepayment of fees, whether the order permitting further prosecution of the action in forma pauperis is secured before or after the trial — for in either case, the cost of transcription has not yet accrued, and the court reporter is after the order under a statutory duty to transcribe the evidence and to furnish a transcript thereof without requiring the payment of his fee for so doing.
For the reasons assigned, the rule previously issued by us is made absolute, and the respondent court reporter is ordered to furnish a transcript of the evidence without requiring the plaintiff-relatrix-appellant to pay the fees for transcribing same.
Rule made absolute.