TATE, Judge.
The plaintiff appeals the dismissal of her suit to recover for personal injuries allegedly resulting from an automobile accident. We have previously considered a procedural matter in connection therewith. La.App., 150 So.2d 782.
The primary question of this appeal concerns the quantum, if any, to be awarded to a plaintiff without fault, for her complaints resulting from an accident undoubtedly caused by actionable negligence for which at least one of the defendants is liable.
The plaintiff was a guest passenger in an automobile which collided with a preceding vehicle. Made defendants are the liability insurer of the plaintiff’s driver, and also the driver and liability insurer of the other vehicle.
Without detailed discussion (and there is no serious question raised as to these issues), we will simply state that we find no manifest error in the trial court’s holdings: (a) that a proximate cause of the accident was the negligence of the driver of the plaintiff’s vehicle in following the preceding vehicle too closely; and (b) that the- driver of the preceding other vehicle involved in the accident was free from negligence.
However, even though the trial court held that a proximate cause of the accident was the negligence of the plaintiff’s driver (for which the defendant United States Casualty Company is liable as his insurer), the plaintiff was awarded no recovery, because the trial court held that she had not proved that she had suffered any personal injuries as a result of the accident. The plaintiff was further cast with costs.
The trial court rejected the plaintiff’s claim for an award for rather substantial neck spraining injuries on the ground that there was no causal relationship between the accident and the plaintiff’s neck complaints. The trial court accepted as preponderating the testimony of a specialist to this effect, who had examined the plaintiff five days after the present accident, in connection with the evaluation of the residual of another and earlier accident'; the court also relied upon certain other evidence in the record, such as the claimant’s several later statements that she was not hurt in the accident and such as her belated complaints of the injury..
We find no manifest error in the trial court’s holding in this regard and in refusing to accept as preponderating the contrary medical and other testimony offered by the plaintiff tending to prove a causal relationship.
But we are faced with a further question, which was not raised in the trial court, and to which the attention of our learned trial brother was not directed.
Just because the plaintiff did not prove with sufficient certainty the rather serious injuries for which primarily she sought recovery, may not necessarily mean that she should be awarded no damages whatsoever and that her suit should be dismissed at her cost. As a result of the tortfeasor’s negligence in causing the accident, according to the record, this 58-year old lady did complain to the doctor who examined her for *913 non-related injuries five days after the present accident (and who testified for the defendant) that she “got all shook up”, Tr. 218, 221, in the present accident. The testimony of the other occupants of the car supports this complaint, even though the accident was of a minor nature causing only fifty dollars damage to the plaintiff’s car, when at a slow speed (10-15 mph) it was braked suddenly and then skidded into the rear of the preceding vehicle.
After much consideration, a majority of this court has decided that, under the present circumstances, recovery may properly be disallowed the plaintiff-passenger on the principle of “de minimis non curat lex” (the law cares not for small things), which has in several instances been applied by our brothers of the Fourth Circuit (formerly the Orleans) Court of Appeal in denying any recovery at all for a mere bump or shaking up resulting from a minor accident caused by a tortfeasor. Nicolle v. Roberts, La.App., 117 So.2d 622; Curry v. Fendt, La.App., 94 So.2d 164; Bryant v. Parr, La.App., 86 So.2d 115. For the reasons to be set forth in his appended individual opinion, the writer disagrees with this determination by the majority.
For the reasons assigned, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.
TATE, J., also appends individual opinion.