165 So.2d 3

**Mrs. Dora SONNIER**

**v.**

**UNITED STATES CASUALTY COMPANY et al.**

No. 47025.

June 8, 1964.

Francis E. Mire, Lake Charles, for relator.

A. Lane Plauché, Plauché & Plauché, Lake Charles, for respondent.

FOURNET, Chief Justice.

The plaintiff [1], Mrs. Dora Sonnier, having appealed from a judgment of the district court dismissing her suit against Robert J. Waltrip, his insurer, Allstate Insurance Company and United States Casualty Company, liability insurer of the car in which she was a guest passenger, for damages allegedly suffered as a result of a collision, applied for and was granted a writ of certiorari by this court to review the judgment of the Court of Appeal, Third Circuit, affirming that judgment. See, 157 So.2d 911.

The record reveals the accident happened on Highway 90 about two miles west of Lake Charles on March 30, 1961, at approximately 6:40 p. m. when it was almost dark and raining. Plaintiff and other members of her family were en route to Harlingen, Texas, when her son-in-law John Darbonne, who was driving the family Chevrolet, observed the car ahead of him operated by Waltrip had come to a complete stop because of the obstruction of the roadway by a stalled car. As a result of Darbonne's unsuccessful attempt to bypass the Waltrip vehicle by swerving to the right, the cars collided, the left front fender

of the Sonnier car striking the right rear of Waltrip's.

In her petition, the plaintiff alleges as a result of the accident, shock and injuries, pain and suffering, a prior injury she had sustained in a previous collision on January 13, 1961,[2] and from which she was satisfactorily recovering, was aggravated and her entire nervous system was impaired; for which she seeks to recover the sum of $15,000.

The trial judge, in a well-reasoned opinion, concluded that Waltrip was free from fault and Darbonne's negligence was the sole and proximate cause of the accident; however, he dismissed the plaintiff's claim as he was of the opinion "  *  *  *  the proof preponderates to the effect that she suffered no injuries as a result of that accident."

The Court of Appeal in affirming the judgment of the lower court stated: "  *  *  *  we find no manifest error in the trial court's holdings: (a) that a proximate cause of the accident was the negligence of the driver of the plaintiff's vehicle in following the preceding vehicle too closely; and (b) that the driver of the preceding other vehicle involved in the accident was

---

1. Plaintiff was joined in this suit by her husband, Adam Sonnier, who sought to recover for medical expenses in connection with his wife's injuries, but he did not appeal from the judgment of the trial court dismissing his suit.

2. On April 12, 1961, plaintiff filed suit against Hartford Accident & Indemnity Co., insurer of the automobile involved in the accident, claiming damages of $25,000 for personal injuries. On November 7, 1961, she effected a compromise in the amount of $3,500.

free from negligence." The Court of Appeal also found there was no manifest error in the decision of the trial judge that the plaintiff did not prove with sufficient certainty the rather serious injuries for which she primarily sought recovery, but they were faced with a question which had not been raised before nor disposed of by the trial court, that is, the evidence shows the plaintiff was shaken up by the impact of the cars, for which she should receive at least nominal damages.

In disposing of this issue, the majority relying on the principle of "de minimis non curat lex" (the law cares not for small things), denied recovery, citing Nicolle v. Roberts, La.App., 117 So.2d 622; Curry v. Fendt, La.App., 94 So.2d 164; Bryant v. Parr, La.App., 86 So.2d 115; cases which were decided by the Fourth Circuit (formerly the Orleans) Court of Appeal.

■ The common law doctrine of "de minimis non curat lex" is not embodied in the corpus of the law of this state; on the contrary, there exist these definite, positive provisions that "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it * * *." Art. 2315, R.C.C. and "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." Art. 2316, R.C.C. "All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay." Art. 1, Sec. 6, Const. of 1921. Consequently, plaintiff is entitled to an award, even though nominal, if warranted by the evidence.

■ A careful study of the testimony of the two physicians who appeared at the trial, her physician who had treated her for the prior injury and an orthopedic surgeon to whom she had been referred by her attorney just prior to filing suit, convinces us that there was no aggravation to her former injury upon which this suit for damages is primarily based and we are in accord with the view of the trial judge that she has not proven with a preponderance of the evidence that she suffered any injury as a result of the collision.

For the reasons assigned, the decree of the Court of Appeal is reinstated and made the final judgment of this court.