TATE, Judge.
This is a suit for property damage sustained by the plaintiff Faulk’s automobile in a three-car accident. The defendant Keller appeals from adverse judgment holding that his negligence was the sole proximate cause of the damages resulting from the accident.
According to the evidence, the plaintiff Faulk’s vehicle was being driven eastward on a main state highway. Approaching from the opposite direction was a car owned and driven by Clifford J. Meyers. Just before the accident, an automobile driven by the defendant Keller pulled into the highway in Meyers’ lane, intending to proceed westward also. Meyers applied his brakes, struck the Keller vehicle a glancing blow, and then swivelled into the path of the Faulk car, colliding with it.
The defendant Keller’s able counsel contends that the accident was solely (or at least partly) caused by Meyers’ negligence in driving at an excessive speed and with insufficient lookout so as to be unable to avoid striking Keller when the latter drove onto the main highway from the parking lot.
However, we find that the facts preponderantly prove (1) that Meyers was .approaching at a reasonable and lawful speed of S5-60 mph, (2) when defendant Keller pulled out from the parking lot into Meyers’ path when the latter was just 50-60 feet distant, (3) so that Meyers was unable reasonably to avoid colliding with the Keller and Faulk vehicles.
We therefore find no error in the trial court’s conclusion that Keller’s negligent entry into the main highway from a private road, without respecting the right-of-way of approaching vehicles lawfully approaching thereon (LSA-R.S. 32:124), constituted the sole proximate cause of the present accident. Vidrine v. Simoneaux, La.App. 3 Cir., 145 So.2d 400; Chandler v. Grain Dealers Mutual Ins. Co., La.App. 2 Cir., 131 So.2d 606; Josey v. Granite State Fire Ins. Co., La.App. 2 Cir., 122 So.2d 303; Higginbotham v. Frazier, La.App. 1 Cir., 92 So.2d 89.
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of the defendant-appellant.
Affirmed.