TATE, Judge.
This suit was consolidated for trial and appeal with Faulk v. Keller, La.App., 169 So.2d 722 (Docket No. 1308), rendered this same date. The present suit arises from the same three-car accident. For the reasons assigned in the cited companion suit, we find that the negligence of Keller, the driver of one of the vehicles involved, was the sole proximate cause of the accident.
The present suit is by Meyers, joined as co-plaintiff by his passenger Leo Suire, *725 seeking damages from Keller’s liability insurer. The latter appeals from adverse judgment. The plaintiffs answer the appeal, urging an increase in the awards to them.
Since as we have noted the negligence of Keller was the sole proximate cause of the accident, the only remaining question before us concerns a review of the awards made to the plaintiffs herein.
The trial court has a large discretion in the award of general damages, which upon appellate review should not be disturbed unless the awards are so manifestly excessive or insufficient as to be out of all proportion to awards made for similar injuries. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
1. Meyers’ damages.
While the trial court awarded .Meyers the $902 property damages sustained by him in the accident, no award of general damages was made to' him for his being shaken up by the accident.
The only evidence of any personal injuries sustained by Meyers is the investigating state trooper’s remark that this driver was shaken up and nervous after the accident. Although Meyers did not go to the doctor, it was within the discretion of the trial court to have awarded Meyers nominal damages for such injuries. See e. g., Barnes v. Spikes, La.App. 1 Cir., 148 So.2d 303. However, the trial court failed to do so; and, since Meyers himself did not testify to any mental or physical injuries (nor was there any other evidence as to •such than the state trooper’s offhand statement), we are not prepared to hold that the trial court committed manifest error in failing to award any general damages whatsoever for Meyers’ shaking-up as a result of the accident. Sonnier v. United States Cas. Co., 246 La. 401, 165 So.2d 3.
2. Suire’s damages.
The co-plaintiff Leo Suire testified without contradiction that he was thrown from the car and skidded thirty to forty feet and that he sustained brush burns on his elbows, hips, and legs. He went to a named physician the following day and was X-ray-ed and found there were no broken bones; but he was stiff and aching and in pain for a full week, as a result of which he was unable to work and lost his job and did not obtain employment for three weeks. He produced corroborating evidence that he had been steadily employed at the rate of ten dollars per day for a seven-day week.
The trial court awarded only $260, the award being intended apparently for the loss of wages only. However, we find that the trial court committed error in awarding a manifestly insufficient amount for the above described personal injuries, and we think the award must be amended to allow Suire not only a proven $210 loss of wages but also an additional $500 general damages for his pain and suffering, etc., as a result of the injuries. LeBreton v. Ballanga, La.App. 4 Cir., 146 So.2d 58; Fabre v. Grain Dealers Mut. Ins. Co., La.App. 1 Cir., 99 So.2d 380; Matranga v. Hilman, La.App. 2 Cir., 94 So.2d 568; Dillon v. Miranne, La.App.Orl., 11 So.2d 269 (1943).
Accordingly, we find that the award to Suire must be increased by a net amount of $450.

Decree.

For the foregoing reasons, the judgment of the trial court is amended so as to award the co-plaintiff Leo Suire an additional amount of $450 (so that his award totals, in principal, the sum of seven hundred ten dollars), together with legal interest thereupon ; in all other respects, the judgment of the trial court is affirmed at the cost of the defendant-appellant.
Amended and affirmed.