192 So.2d 620 (1966)
John A. O'STEAN et al., Plaintiffs-Appellants,
v.
SAFECO INSURANCE COMPANY OF AMERICA et al., Defendants-Appellees.
No. 10706.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1966.
Lynch & Rogers, Shreveport, for appellants.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
In this action which arises from an automobile collision, John A. O'Stean and his liability insurer, Southern Insurance Company, sue respectively for the recovery of damages for personal injuries and expenses incurred, naming as defendants Safeco Insurance Company of America, the liability insurer of Myrtle Stone, Myrtle Stone and Betty Jo Stone, driver of one of the automobiles involved. The plaintiffs have appealed from the judgment of the trial court rejecting their demands.
The accident occurred April 13, 1965 within the 7200 block of the Mansfield Road in the City of Shreveport. At that point the Mansfield Road is a four-lane, hard-surfaced highway with two lanes for southbound traffic and two lanes for northbound traffic. At the time of the accident the weather was clear, the pavement dry and it was after dark, about 8 o'clock P.M.
John A. O'Stean drove his Ford truck onto Mansfield Road from a private driveway from the Sunset Lounge situated on the west side of the highway with the intention of proceeding southward when the truck was struck from the rear by an automobile driven by Betty Jo Stone. The latter had been driving south in the inside lane at a speed of from 35 to 40 miles per hour. She was accompanied by a friend, Sandra Dyson. Immediately prior to the impact between the two vehicles the attention of Betty Jo Stone and her companion was focused upon a purse on the floor of the automobile and both testified they did not observe the Ford truck until the moment of impact.
The driver, Betty Jo Stone, is charged with negligence in that she failed to maintain *621 a proper lookout, that she was traveling at an excessive rate of speed, and that she failed to maintain control over her vehicle and avoid the accident. The defendants generally deny any act of negligence on the part of the automobile driver and specially plead the contributory negligence of O'Stean in not making proper observation before entering the highway, and in driving thereon without yielding to right-of-way traffic.
The sole issue presented on the appeal is whether or not O'Stean was guilty of contributory negligence. After reviewing the record, we are convinced that his negligence was such as to bar his right of recovery. His negligence, we think, is illustrated by his testimony:
"A And as I got in the inside lane just as I changed gear twiceI pulled in in low gear, and just as I changed into high gear the vehicle struck me from behind.
"Q Was your automobile entirely in the inside lane, your truck?
"A Yes.
"Q And you were proceeding straight ahead. Is that correct?
"A I veered off after the vehicle was struck in the back. It traveled a good distance after it was hit, because we were both in motion. It veered off to the left and struck the barrier between thedividing the lanes of traffic, and then back onto the road.
"Q How fast was your truck traveling approximately at the time the impact occurred?
"A It would be an estimate. I would say twenty-five.
"Q Now, how far had you traveled in this inside lane before the impact occurred?
"A It would be another estimate. I would say near twenty foot.
* * * * * *
"Q So, when you left the Sunset Lounge you first had to enter the right lane for southbound traffic. Isn't that correct?
"A The road was clear. I pulled directly across into the inside lane."
An additional witness, Michael Kent, who was traveling south behind Betty Jo Stone, testified that when he was within 12 car lengths from the Sunset Lounge driveway, the pick-up truck pulled out into the outside lane and then the driver suddenly cut over to the left or inside lane, the one in which Betty Jo Stone was traveling, and that this occurred when the Stone automobile was 2 car lengths "behind the Sunset Bar."
The evidence, which is uncontroverted, clearly shows O'Stean entered the highway at a time when it was unsafe to do so and such negligence was a proximate cause of the accident. His conduct violated the well established legal principal that a motorist entering a highway from a private driveway or secondary road has the primary duty of avoiding collision with a vehicle using the main highway, and he may not enter the highway until it becomes apparent to him or should become apparent to a reasonably prudent person under the same circumstances that his entrance onto the highway can be made in safety. LSA-R.S. 32:124. Josey v. Granite State Fire Insurance Company, La.App., 122 So.2d 303 (2nd Cir. 1960); Chandler v. Grain Dealers Mutual Insurance Company, La.App., 131 So.2d 606 (2nd Cir. 1961); Vidrine v. Simoneaux, La. App., 145 So.2d 400 (3rd Cir. 1962); Faulk v. Keller, La.App., 169 So.2d 722, 723, (3rd Cir. 1964).
For the reasons above stated, the judgment of the trial court is affirmed at appellants' cost.