TATE Judge.
Kathryn Delahoussaye, a minor, was involved in a collision while driving her father’s automobile. Her father sues for damages individually and on her behalf. He was awarded judgment for his property damages ($497.78) sustained.
*563 The defendants appeal. They are Lester Porrier and his liability insurer (St. Paul). Porrier is made defendant as the father of the alleged driver of the other car in the collision, Larry Porrier, a minor.
On appeal the defendants urge that the judgment should be reversed and the suit dismissed because: (a) The evidence does not show that Larry was the son of the defendant, Lester Porrier; and (b) St. Paul should not be held liable because the policy was not introduced into evidence, nor is there any testimony to show that Larry was driving with the consent of his father so as to be an omnibus insured.[1]
On the other hand, as the plaintiff-appellee points out, the uncontradicted testimony proves the negligence of the driver of the Porrier car caused the accident. This driver was identified by the police officers as “Lester” Porrier (the father). By its answer, the defendants admitted coverage by St. Paul and alleged that the policy “shall be introduced into evidence at the trial.”[2]
Therefore, it is argued: Despite the allegations that the Porrier son (Larry) was driving the automobile, the evidence admitted without objections expanded the pleadings so as to show that instead the driver was the father, Lester, LSA-C.C.P. Art. 1154. Since the father, Lester, is the defendant and also the named insured, the trial court judgment should be affirmed because the evidence reflects that such driver was indeed negligent.
Nevertheless, we are unable in good conscience to dispose of the matter this simply. The police officers did identify the driver as “Lester”, but their comments and that of the plaintiff’s witnesses indicate that such driver was a young boy. (Indeed, the plaintiff does not seriously dispute that, as alleged by the petition, the driver of the automobile was the young boy, not the father.)
The difficulties in this case result from the easygoing approach of one party in trying the case and from the effort of the opposing parties to take advantage of this *564 carelessness and to rely upon an ultra-technical position.
When the evidence closed without the plaintiff having proved the father-son relationship or without having introduced the insurance policy, the defendants first moved for judgment of dismissal. The trial court pointed out that our civil procedure does not recognize a motion for a directed judgment and that the defendants must either rest or put on their defense. The defendants chose to rest. Tr. 62-63.
The transcript indicates that apparently the defendants chose to rest in reliance upon their declared position that the plaintiff had not sufficiently proved his case. However, they may have rested because of some comments of the trial court to the effect that the defendants’ witnesses might not be able to testify since not properly sequestered.[3]
We are thus faced with the following situation:
The evidence in this abbreviated record clearly shows that the driver of the defendant’s car was negligent. However, the defendant, by resting or by being forced to rest, did not present witnesses who might have exculpated their driver or have shown the plaintiff’s driver to be contributorily negligent.
Additionally, the evidence as to the driver of the defendant’s car shows him to be the defendant, in which case the judgment should be affirmed. However, from the pleadings and briefs we know him to be the son — but the father-son relationship was not proved, so therefore (applying a very technical view) the judgment should be reversed.
Then, the question of proof of coverage by the defendant, St. Paul, presents further difficulties to a just disposition, due to the ambiguities of the record. See footnote 2 above. Also, evidence as to the plaintiff’s medical expenses or the personal injuries of his daughter was not included. See footnote 1 above. Likewise, there are indications that overly technical rulings by trial court (provoked probably in reaction to overly technical tactics by counsel) produced the omission of relevant evidence from this record. See footnote 3 above.
Under all these circumstances therefore, we feel that a remand for unrestricted trial will best permit a trial and decision of this matter upon the merits and will best avoid a miscarriage of justice. LSA-C.C.P. Art. 2164; Manuel v. American Employers Insurance Company, 212 So.2d 527 (La.App.3d Cir.1968). and decisions therein cited. We would have to resort to technicalities either to affirm or to reverse. Lawsuits should be tried and decided on the merits rather than upon technicalities or surprise tactics of counsel.
For the reasons assigned, we set aside the judgment of the trial court in favor of the plaintiff-appellant; we remand this case for further proceedings consistent with the views herein expressed, permitting the note of evidence to be reopened for the introduction of all admissible evidence by either party. The costs of the proceedings of the trial court are to await assessment by the final disposition of this litigation. *565 The costs of this appeal are taxed one-half to the plaintiff-appellant, and one-half to the defendants-appellees.
Remanded.

. The plaintiff answers the appeal to request that damages should be allowed for young Kathryn’s personal injuries and medical expenses. However, no evidence was introduced as to medical expenses, and it was within the discretion of the trial court (Sonnier v. United States Casualty Company, 246 La. 401, 165 So.2d 3, 1964) to find, under the abbreviated evidence in the present record, that no personal injuries resulted from the minor collision.

. At the appellate hearing, by formal motion to which was attached a copy of its insurance policy, the defendant, St. Paul, moved to admit such policy into evidence since it had not been introduced at the trial “through mistake and inadvertence”. Since appellate courts cannot receive original evidence, this eourt could not receive such policy into evidence here, if offered for the first time. Board of Com’rs, etc., v. St. Landry Parish School Bd., 242 La. 285, 136 So.2d 44 (1962).
However, if actually offered at the trial (but not included in the record through inadvertence), then either the trial court or the appellate court may permit supplementation of the record to correct the omission of a material part of it. LSA-C.C.P. Art. 2132. According to the transcript at the close of the trial, the plaintiff pointed out that the defendant had in its answer stated that it would introduce the policy at the trial on the merits. Tr. 65. The transcript is thus silent as to whether or not, despite the soliloquy, Tr. 64-65, the defendant actually introduced the policy into evidence, but through inadvertence did not physically leave it with the clerk.
In view of our ultimate decision to remand this matter however, it is unnecessary for us to decide this question upon this appeal. We trust that upon the remand the parties will make an effort to clarify the question of the introduction of the policy.

. The apparent reasoning behind the trial court's anticipated ruling to this effect was that the defendants had not produced their witnesses to be sworn and sequestered at the start of the trial, Tr. 27, even though such witnesses had remained downstairs and liad at no time entered the courtroom. Tr. 63-64. The circumstances may represent the use of a trial tactic intended to deceive opposing counsel that no witnesses were available, or it instead may represent a harsh application of a sequestration rule against a party who sequestered his witnesses but in all innocence did not produce them to be sworn at the start of the trial.