AYRES, Judge.
Plaintiffs, Murray S. Richardson and Mrs. Annie D. Richardson, husband and wife, brought this tort action to recover damages resulting from an automobile collision which occurred shortly before midnight on January 27, 1969, at, or near, the intersection of St. Vincent Avenue and West 80th Street in the City of Shreveport.
Named as defendants were Emmett E. Cloud, Sr., father of Emmett E. Cloud, Jr., hereinafter referred to as Cloud, the minor driver of the automobile which collided with the car driven by Mrs. Richardson; The Stonewall Insurance Company of Birmingham, Alabama, insurer of Katie Mae Cloud, mother of Cloud; Holmes Pontiac Company, Inc., owner of the automobile driven by Cloud; and Insurance Company of North America, insurer of Holmes Pontiac.
Negligence charged to Cloud included driving at a fast and reckless rate of speed on a wet street, failing to keep the car he was driving under proper control, and not maintaining a proper lookout. Defendants answered, denying any negligence by Cloud, and asserting that the sole, proximate cause of the accident was the negligence of Mrs. Richardson in failing to maintain a proper lookout or to timely apply her brakes, or to keep her car under control, and in driving while under the influence of intoxicating liquor and on the wrong side of the street. In the alternative, defendants alleged that Mrs. Richardson was guilty of contributory negligence in the aforesaid particulars which barred recovery.
An exception of no right or cause of action as to Holmes Pontiac was sustained, and that defendant is no longer before the court. After trial, judgment was rendered and signed rejecting plaintiffs’ demands as to all the remaining defendants. Plaintiffs appeal devolutively from this judgment.
St. Vincent, a four-lane street running north and south, is intersected by West 80th Street, a two-lane street running east and west. On the west side of St. Vincent, south of its intersection with West 80th Street, is an establishment known as Mike’s Lounge. Knight’s Lounge is almost directly across St. Vincent from Mike’s Lounge. On the night of the occurrence of the accident which is the basis of this litigation, the streets were wet and slick; however, it is not clear whether a light drizzle was falling or precipitation had entirely stopped at the time of the accident.
*405 Mrs. Richardson testified that she had worked as a relief bartender in Mike’s Lounge on the night in question because the regular bartender was ill. She finished working at approximately 11:30 p. m. and entered her 1963 Rambler which was in the parking lot adjacent to her place of employment. Her intentions were to proceed north on St. Vincent to its intersection with West 80th and to turn left, or west, on West 80th. Before turning left, or north, onto St. Vincent from the parking lot, she stopped her car, saw Cloud proceeding northerly on St. Vincent, and decided that she could safely enter the street. Her testimony on trial was that she had crossed the two southbound lanes of St. Vincent, had proceeded slowly north in the inner lane for northbound traffic on St. Vincent, and had begun a left turn onto West 80th Street when she was struck from the rear by the car driven by Cloud. However, in a pretrial deposition she stated that she drove north in the southbound lane of St. Vincent. After turning left onto St. Vincent, she did not again see the car driven by Cloud until the accident occurred.
Cloud testified that he finished work as a pipe fitter at AMF Beaird, Inc., at approximately 11:30 p. m. He was proceeding northerly at a speed of approximately 35 miles per hour in the outside, or curb, lane of St. Vincent. As he came out of a curve south of the point where Mrs. Richardson entered St. Vincent, he noticed a car parked in front of Knight’s Lounge which necessitated his entering the inner northbound lane of St. Vincent. As he switched lanes, he saw Mrs. Richardson’s car entering St. Vincent. Anticipating that she would enter his northbound lane, he applied his brakes; however, his car went into an uncontrolled skid on the wet road surface. He skidded into the southbound lane, and the left front of his car hit the left rear of her car at a point south of the intersection. Both cars spun around, and the left rear of his car struck the left front of her car. This second impact occurred in the intersection.
The investigating police officers testified that at the time of the accident Mrs. Richardson stated that she did not understand why Cloud had struck her because she did not get into his lane of travel (meaning the northbound lane). They also testified that they were unable to locate any skid marks because of the wet road surface.
Charles C. Agnew, a young man who was standing on the porch of the house which was Mrs. Richardson’s destination, testified that he saw Cloud’s car and that it was skidding. From his vantage point, he could see the intersection and the parking lot at Mike’s Lounge; however, his view of the area in between was obscured by a washateria. He testified that he saw two impacts in the intersection.
The trial judge, in a well-reasoned written opinion, concluded that Cloud was approximately 320 feet south of the intersection of St. Vincent and West 80th Street and 120 feet south of the point where Mrs. Richardson began her entry into St. Vincent when he first saw her. Cloud applied his brakes, and his automobile went into a skid on the wet pavement. He finally collided with the rear of Mrs. Richardson’s automobile near the intersection. He found that when Mrs. Richardson entered St. Vincent the Cloud vehicle was approaching so closely that she did not have the time necessary to carry out in safety her intended maneuver of crossing the two southbound lanes and proceeding north on St. Vincent. His conclusion was that she was negligent in so doing and that her negligence was the proximate cause of the accident.
The first issue which this court must determine is plaintiffs-appellants’ contention that the trial judge erred in his conclusion concerning the negligence of Mrs. Richardson. If his conclusion is correct, the negligence of Mrs. Richardson bars her recovery and that of her husband.
The statutory law governing the entry onto a highway from a private road or *406 driveway is LSA-R.S. 32:124 which provides :
“The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk, or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.”
The wording of the statute makes it clear that stopping before entering the highway is only part of the duty imposed upon the driver of the vehicle attempting to enter the highway. He must also ascertain the traffic situation upon the highway and yield to all approaching vehicles so close as to constitute an immediate hazard.
The evidence in this case clearly shows that Mrs. Richardson entered St. Vincent Avenue at a time when the Cloud vehicle was so close as to constitute an immediate hazard. This act of negligence on her part was the proximate cause of the accident. As was said in O’Stean v. Safe-co Insurance Company of America, 192 So.2d 620, 621 (La.App., 2d Cir. 1966) :
“. . . [Her] conduct violated the well established legal principal [sic] that a motorist entering a highway from a private driveway or secondary road has the primary duty of avoiding collision with a vehicle using the main highway, and he may not enter the highway until it becomes apparent to him or should become apparent to a reasonably prudent person under the same circumstances that his entrance onto the highway can be made in safety. LSA-R.S. 32:124. Josey v. Granite State Fire Insurance Company, La.App., 122 So.2d 303 (2nd Cir. 1960) ; Chandler v. Grain Dealers Mutual Insurance Company, La.App., 131 So.2d 606 (2nd Cir. 1961); Vidrine v. Simoneaux, La.App., 145 So.2d 400 (3rd Cir. 1962); Faulk v. Keller, La. App., 169 So.2d 722, 723, (3rd Cir. 1964).”
For the reasons stated above, we find no error in the judgment appealed; hence it is affirmed at plaintiffs-appellant.s’ costs.
Affirmed.