ON REHEARING
In our original opinion dismissing appellant’s appeal, we indicated that the Clerk of the District Court presented a request to the District Judge for an extension of the August 23rd return date on August 23rd, and that the judge denied the request. Feeling that our conclusion may not be fully supported by the record,[1] we granted this rehearing.
The record does show that the requested extension is dated August 23, 1977, but it does not show on what date it was presented to the court, or on what date it was denied, facts which we find crucial in view of the recent holding of our Supreme Court in Davidge v. Magnolia, 346 So.2d 177 (1977).
Therefore, in the interest of justice, and under the authority contained in LSA-C. C.P. articles 2082 and 2164, we recall our previous order dismissing the appeal, and we hereby remand this appeal to the trial court for the purpose of having that court conduct a hearing as promptly as the rules of that court allows, to determine (1) on what date was the request for an extension presented to the trial court, and (2) on what date was the extension denied, and for what reason.
For the reasons assigned, we recall our order dismissing the appeal, and the above captioned appeal is hereby remanded to the Twelfth Judicial District Court, Parish of Avoyelles, for the purpose of having that court conduct a hearing in compliance with the order herein contained, after which time the record is to be returned to this court for further consideration.

DISMISSAL OF APPEAL RECALLED AND APPEAL REMANDED.

. Both parties have filed either affidavits or copies of documents in support of and/or in opposition to the motion for rehearing, and while such evidence may serve to establish a prima facie case for the purpose of remand, it is well settled that the Courts of Appeal may not consider evidence which was not previously introduced in the trial court, Delahoussaye v. Porrier, 232 So.2d 562 (La.App.3rd Cir.1970).