# United States Court of Appeals
# for the Fifth Circuit

——————————

No. 22-30294

——————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2024

Lyle W. Cayce
Clerk

Nicholas Queen,

*Plaintiff—Appellant*,

*versus*

United States of America; J. Lyons; S. Coggins;
Unknown Defendants, *Correctional Officer(s)*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CV-1576

———————————————————————

Before Jolly, Smith, and Haynes, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:

Nicholas Queen is a former federal prisoner. He sued the United States for assault under the Federal Tort Claims Act after prison officials physically restrained and beat him in January 2019. The district court dismissed Queen's claim, holding his injuries were de minimis and, therefore, not legally cognizable. Because the applicable tort law does not bar claims based on de minimis injuries, the district court erred. Consequently, we REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.

No. 22-30294

I.

On January 3, 2019, at USP Pollock, Louisiana, Nicholas Queen napped in his cell. He was awoken by four correctional officers who had been called for a supposed medical emergency when an officer believed Queen to be unresponsive. Queen was awoken and confirmed to the officers that he was alright. Unsure of Queen's condition, one of the officers instructed Queen to stand. When he stood, he grabbed one of the officers' right arms and said that he needed a moment to breathe.

The parties dispute what happened next. According to the government, Queen pushed the officer in the chest and lunged at the other officers.[1] The officers then restrained Queen. This is not Queen's story, however. He alleges that the officers, unprovoked, hit him in the face, pushed his head into the wall, choked him, jumped on his back and legs, smashed and twisted his arms to apply restraints, pulled his pants down, and dragged him to the onsite medical clinic.

At the clinic, Queen complained of right shoulder pain. A nurse noted abrasions to the right side of Queen's neck and his right pectoral. However, she observed no bruising, swelling, or other deformities. The nurse also noted slurred speech, nonsensical answers, and dilated pupils, and she concluded that Queen was "most likely under the influence of an unknown substance." Over the following several months, Queen regularly complained of body pain that he explicitly associated with the January 2019 incident, including pain in his back, left shoulder, right hip, and right knee. Prison medical officials were unimpressed. They refused him medical braces and

_____

[1] Prison officials charged Queen with assault based on these allegations. The outcome of that disciplinary proceeding, however, is unclear as the DOJ expunged the incident report and destroyed the case file.

prescription pain medicine. Instead, they suggested that over-the-counter pain medicine would work just fine.

On February 23, 2021—after his release from prison—Queen obtained a diagnosis of chronic back pain and right hip pain from Dr. Max Romano, a medical doctor, at the Baltimore Department of Social Services. On the medical questionnaire form confirming Queen's diagnosis, Dr. Romano checked a box that stated that this "impairment [was] severe enough to prevent [Queen] from working, participating in a work, training, or educational activity." Dr. Romano checked other boxes stating that Queen's impairment could be expected to last over 12 months.

We flash back to December 9, 2019. While still incarcerated, Queen had sued the United States for assault under the Federal Tort Claims Act for physical injuries arising from the January 3, 2019, incident.[2] Queen, then pro se, alleged that because of the officer's takedown he suffers constant pain in his lower back, right hip, right arm, shoulders, and right leg. At the summary judgment stage of the case, the United States moved the court to dismiss. The magistrate judge issued a report and recommendation in which he recommended that the case be dismissed. The magistrate judge concluded that Queen's injuries were de minimis and, therefore, insufficient to support a FTCA assault claim against a prison officer. The district judge agreed with the magistrate judge's recommendation, adopted the R&R, and dismissed Queen's pro se case.

Queen, now with pro bono counsel, appeals the dismissal of his case.

II.

---

[2] Queen exhausted his administrative remedies prior to filing suit as required by the FTCA.

No. 22-30294

"We review grants of summary judgment de novo, applying the same standard as the district court." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).  Specifically, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  All facts and reasonable inferences are construed in favor of the nonmovant, and the court should not weigh evidence or make credibility findings. *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009).  The resolution of a genuine issue of material fact "is the exclusive province of the trier of fact and may not be decided at the summary judgment stage." *Ramirez v. Landry's Seafood Inn & Oyster Bar*, 280 F.3d 576, 578 n.3 (5th Cir. 2002).

## III.

On appeal, Queen challenges the district court's dismissal of his FTCA assault claim based on the de minimis injury bar.  The district court relied on a statutory requirement that prisoners must show a physical injury to support mental or emotional claims.  42 U.S.C. § 1997e(e); 28 U.S.C. § 1346(b)(2).  It is certainly true that we have required the prisoner injury to be greater than de minimis when a prisoner claims constitutional violations. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  Queen, however, does not seek damages for a constitutional violation; he seeks damages for a tort under the Federal Tort Claims Act. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).  In short, the de minimis injury test that applies to constitutional claims does not apply to an injury alleged under Louisiana tort law.[3]

---

[3] The Supreme Court, albeit interpreting a separate federal statute, has recently cautioned lower courts against imposing significance-of-injury tests not established in statutory texts. *Muldrow v. City of St. Louis, Missouri*, 601 U.S. _____ (2024).

4

No. 22-30294

In FTCA cases, we apply the law of the jurisdiction where "the act or omission occurred."   28 U.S.C. § 1346(b)(1).   *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).  Here, that is Louisiana law, and Louisiana law does not impose a de minimis injury bar to tort claims.  *Sonnier v. U. S. Cas. Co.*, 246 La. 401, 405, 165 So. 2d 3, 5 (1964) ("The common law doctrine of '*de minimis non curat lex*' is not embodied in the corpus of the law of this state; on the contrary, there exist these definite, positive provisions that 'Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.'") (citation omitted).  Because Queen's FTCA claims do not require passing a de minimis threshold, the district court erred in dismissing his case.[4]

## IV.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

[4] Furthermore, Queen submitted evidence suggesting that at least some of his injuries surpassed a de minimis threshold, which also would have pretermitted summary judgment. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).